**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) |
| BORDEN DAIRY COMPANY, | ) Chapter 11 |
| | ) |
| Debtor. | ) Case No. 20-10010 (__) |
| | ) |
| Tax I.D. No. 26-1181509 | ) |
| | ) |
| In re: | ) |
| | ) |
| BORDEN DAIRY HOLDINGS, LLC, | ) Chapter 11 |
| | ) |
| Debtor. | ) Case No. 20-10011 (__) |
| | ) |
| Tax I.D. No. 82-0958504 | ) |
| | ) |
| In re: | ) |
| | ) |
| NATIONAL DAIRY, LLC, | ) Chapter 11 |
| | ) |
| Debtor. | ) Case No. 20-10012 (__) |
| | ) |
| Tax I.D. No. 26-4819109 | ) |
| | ) |
| In re: | ) |
| | ) |
| BORDEN DAIRY COMPANY OF ALABAMA, LLC, | ) Chapter 11 |
| | ) |
| Debtor. | ) Case No. 20-10013 (__) |
| | ) |
| Tax I.D. No. 63-0305598 | ) |

| | |
|---|---|
| In re: | |
| BORDEN DAIRY COMPANY OF CINCINNATI, LLC, | Chapter 11 |
| Debtor. | Case No. 20-10014 (__) |
| Tax I.D. No. 90-0341334 | |
| In re: | |
| BORDEN TRANSPORT COMPANY OF CINCINNATI, LLC, | Chapter 11 |
| Debtor. | Case No. 20-10015 (__) |
| Tax I.D. No. 56-2283462 | |
| In re: | |
| BORDEN DAIRY COMPANY OF FLORIDA, LLC, | Chapter 11 |
| Debtor. | Case No. 20-10016 (__) |
| Tax I.D. No. 65-0535168 | |
| In re: | |
| BORDEN DAIRY COMPANY OF KENTUCKY, LLC, | Chapter 11 |
| Debtor. | Case No. 20-10017 (__) |
| Tax I.D. No. 75-2967392 | |

| | |
|---|---|
| In re: <br><br>BORDEN DAIRY COMPANY OF LOUISIANA, LLC, <br><br>                Debtor. <br><br>Tax I.D. No. 72-0984109 | Chapter 11 <br><br>Case No. 20-10018 (__) |
| In re: <br><br>BORDEN DAIRY COMPANY OF MADISONVILLE, LLC, <br><br>                Debtor. <br><br>Tax I.D. No. 61-0367310 | Chapter 11 <br><br>Case No. 20-10019 (__) |
| In re: <br><br>BORDEN DAIRY COMPANY OF OHIO, LLC, <br><br>                Debtor. <br><br>Tax I.D. No. 34-0752720 | Chapter 11 <br><br>Case No. 20-10020 (__) |
| In re: <br><br>BORDEN TRANSPORT COMPANY OF OHIO, LLC, <br><br>                Debtor. <br><br>Tax I.D. No. 26-2997837 | Chapter 11 <br><br>Case No. 20-10021 (__) |

| | |
|---|---|
| In re: | |
| BORDEN DAIRY COMPANY OF SOUTH CAROLINA, LLC, | Chapter 11 |
| Debtor. | Case No. 20-10022 (__) |
| Tax I.D. No. 57-0290963 | |
| In re: | |
| BORDEN DAIRY COMPANY OF TEXAS, LLC, | Chapter 11 |
| Debtor. | Case No. 20-10023 (__) |
| Tax I.D. No. 91-2135060 | |
| In re: | |
| CLAIMS ADJUSTING SERVICES, LLC, | Chapter 11 |
| Debtor. | Case No. 20-10024 (__) |
| Tax I.D. No. 26-4819109 | |
| In re: | |
| GEORGIA SOFT SERVE DELIGHTS, LLC, | Chapter 11 |
| Debtor. | Case No. 20-10025 (__) |
| Tax I.D. No. 26-4819109 | |
| In re: | |
| NDH TRANSPORT, LLC, | Chapter 11 |
| Debtor. | Case No. 20-10026 (__) |
| Tax I.D. No. 26-2997480 | |

|  |  |
|---|---|
| In re: | ) |
|  | ) |
| RGC, LLC, | ) Chapter 11 |
|  | ) |
|         Debtor. | ) Case No. 20-10027 (__) |
|  | ) |
| Tax I.D. No. 36-4270314 | ) |
|  | ) |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION
OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Borden Dairy Company and its above-captioned affiliated debtors and debtors in possession (collectively, the "**Debtors**"), hereby submit this motion (the "**Motion**") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to section 105(a) of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 1015-1 and 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), directing procedural consolidation and joint administration of these Chapter 11 Cases (as defined herein). A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' Chapter 11 Cases, is set forth in the *Declaration of Jason Monaco in Support of Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**"),[1] filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully state as follows:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (this "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rules 1015-1 and 9013-1(m).

**Background**

4. As of the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (these "**Chapter 11 Cases**") with this Court. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these Chapter 11 Cases, and no committees have been appointed or designated at this time.

5. The Debtors produce and/or market dairy products, including flavored and specialty milk, buttermilk, dips and sour cream, juices, tea, and flavored drinks. The Debtors are headquartered in Dallas, Texas and operate 12 manufacturing facilities and more than 75 distribution centers in the Midwest, Southern, and Southeastern regions of the United

States. The Debtors offer more than 35 dairy products that are sold in more than 40,000 locations annually.

6.      Additional information about the Debtors' business and the events leading to the commencement of the Chapter 11 Cases can be found in the First Day Declaration, which is incorporated herein by reference.

## Relief Requested

7.      The Debtors seek entry of the Proposed Order: (a) directing procedural consolidation and joint administration of these Chapter 11 Cases, and (b) granting related relief. Specifically, the Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Borden Dairy Company and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| BORDEN DAIRY COMPANY, *et al.*, | ) Case No. 20-10010 (__) |
| Debtors.[1] | ) (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Borden Dairy Company (1509); Borden Dairy Holdings, LLC (8504); National Dairy, LLC (9109); Borden Dairy Company of Alabama, LLC (5598); Borden Dairy Company of Cincinnati, LLC (1334); Borden Transport Company of Cincinnati, LLC (3462); Borden Dairy Company of Florida, LLC (5168); Borden Dairy Company of Kentucky, LLC (7392); Borden Dairy Company of Louisiana, LLC (4109); Borden Dairy Company of Madisonville, LLC (7310); Borden Dairy Company of Ohio, LLC (2720); Borden Transport Company of Ohio, LLC (7837); Borden Dairy Company of South Carolina, LLC (0963); Borden Dairy Company of Texas, LLC (5060); Claims Adjusting Services, LLC (9109); Georgia Soft Serve Delights, LLC (9109); NDH Transport, LLC (7480); and RGC, LLC (0314). The location of the Debtors' service address is: 8750 North Central Expressway, Suite 400, Dallas, TX 75231.

8. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

9. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than the case of Borden Dairy Company to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: Borden Dairy Company, Case No. 20-10010 (___); Borden Dairy Holdings, LLC, Case No. 20-10011 (___); National Dairy, LLC, Case No. 20-10012 (___); Borden Dairy Company of Alabama, LLC, Case No. 20-10013 (___); Borden Dairy Company of Cincinnati, LLC, Case No. 20-10014 (___); Borden Transport Company of Cincinnati, LLC, Case No. 20-10015 (___); Borden Dairy Company of Florida, LLC, Case No. 20-10016 (___); Borden Dairy Company of Kentucky, LLC, Case No. 20-10017 (___); Borden Dairy Company of Louisiana, LLC, Case No. 20-10018 (___); Borden Dairy Company of Madisonville, LLC, Case No. 20-10019 (___); Borden Dairy Company of Ohio, LLC, Case No. 20-10020 (___); Borden Transport Company of Ohio, LLC, Case No. 20-10021 (___); Borden Dairy Company of South Carolina, LLC, Case No. 20-10022 (___); Borden Dairy Company of Texas, LLC, Case No. 20-10023 (___); Claims Adjusting Services, LLC, Case No. 20-10024 (___); Georgia Soft Serve Delights, LLC, Case No. 20-10025 (___); NDH Transport, LLC, Case No. 20-10026 (___); and RGC, LLC, Case No. 20-10027 (___). **All further pleadings and other papers shall be filed, and all further docket entries shall be made, in Case No. 20-10010 (___).**

### Basis for Relief

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The eighteen Debtor entities that commenced these Chapter 11 Cases are "affiliates," as such term is defined in

section 101(2) of the Bankruptcy Code. *See* 11 U.S.C. § 101(2). Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize this Court to grant the relief requested herein.

11. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

12. Given the integrated nature of the Debtors' operations, joint administration of these Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these Chapter 11 Cases will affect each Debtor entity. The entry of an order directing joint administration of these Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration will also allow the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") and all parties in interest to monitor these Chapter 11 Cases with greater ease and efficiency.

13. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of

9

these Chapter 11 Cases. Accordingly, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Notice

14. Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) the Office of the United States Attorney General for the District of Delaware; (d) the Internal Revenue Service; (e) the Securities and Exchange Commission; (f) counsel to ACON Dairy Investors, L.L.C.; (g) counsel to New Laguna, LLC; (h) counsel to the Agent, RCF Facility Lenders, and Term Loan A Facility Lenders; (i) counsel to the Term Loan B Facility Lenders; and (j) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## No Prior Request

15. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order granting the relief requested herein and provide such other relief as this Court deems appropriate under the circumstances.

Dated: January 5, 2020
      Wilmington, Delaware

                                   Respectfully submitted,

                                   */s/ Betsy L. Feldman*
                                   YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                   M. Blake Cleary (No. 3614)
                                   Kenneth J. Enos (No. 4544)
                                   Elizabeth S. Justison (No. 5911)
                                   Betsy L. Feldman (No. 6410)
                                   Rodney Square
                                   1000 North King Street
                                   Wilmington, Delaware 19801
                                   Telephone: (302) 571-6600
                                   Facsimile: (302) 571-1253
                                   mbcleary@ycst.com
                                   kenos@ycst.com
                                   ejustison@ycst.com
                                   bfeldman@ycst.com

                                   -and-

                                   ARNOLD & PORTER KAYE SCHOLER LLP
                                   D. Tyler Nurnberg (*pro hac vice* admission pending)
                                   Seth J. Kleinman (*pro hac vice* admission pending)
                                   Sarah Gryll (*pro hac vice* admission pending)
                                   70 West Madison Street, Suite 4200
                                   Chicago, Illinois 60602-4231
                                   Telephone: (312) 583-2300
                                   Facsimile: (312) 583-2360
                                   tyler.nurnberg@arnoldporter.com
                                   seth.kleinman@arnoldporter.com
                                   sarah.gryll@arnoldporter.com

                                   *Proposed Co-Counsel to the Debtors and Debtors in Possession*

# **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | |
| ) | |
| BORDEN DAIRY COMPANY, ) | Chapter 11 |
| ) | |
| Debtor. ) | Case No. 20-10010 (__) |
| ) | |
| Tax I.D. No. 26-1181509 ) | |
| | |
| In re: ) | |
| ) | |
| BORDEN DAIRY HOLDINGS, LLC, ) | Chapter 11 |
| ) | |
| Debtor. ) | Case No. 20-10011 (__) |
| ) | |
| Tax I.D. No. 82-0958504 ) | |
| | |
| In re: ) | |
| ) | |
| NATIONAL DAIRY, LLC, ) | Chapter 11 |
| ) | |
| Debtor. ) | Case No. 20-10012 (__) |
| ) | |
| Tax I.D. No. 26-4819109 ) | |
| | |
| In re: ) | |
| ) | |
| BORDEN DAIRY COMPANY OF ALABAMA, LLC, ) | Chapter 11 |
| ) | Case No. 20-10013 (__) |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 63-0305598 ) | |

| | |
|---|---|
| In re: | |
| BORDEN DAIRY COMPANY OF CINCINNATI, LLC, | Chapter 11 |
| Debtor. | Case No. 20-10014 (__) |
| Tax I.D. No. 90-0341334 | |

| | |
|---|---|
| In re: | |
| BORDEN TRANSPORT COMPANY OF CINCINNATI, LLC, | Chapter 11 |
| Debtor. | Case No. 20-10015 (__) |
| Tax I.D. No. 56-2283462 | |

| | |
|---|---|
| In re: | |
| BORDEN DAIRY COMPANY OF FLORIDA, LLC, | Chapter 11 |
| Debtor. | Case No. 20-10016 (__) |
| Tax I.D. No. 65-0535168 | |

| | |
|---|---|
| In re: | |
| BORDEN DAIRY COMPANY OF KENTUCKY, LLC, | Chapter 11 |
| Debtor. | Case No. 20-10017 (__) |
| Tax I.D. No. 75-2967392 | |

| | |
|---|---|
| In re: | |
| BORDEN DAIRY COMPANY OF LOUISIANA, LLC, | Chapter 11 |
| Debtor. | Case No. 20-10018 (__) |
| Tax I.D. No. 72-0984109 | |
| In re: | |
| BORDEN DAIRY COMPANY OF MADISONVILLE, LLC, | Chapter 11 |
| Debtor. | Case No. 20-10019 (__) |
| Tax I.D. No. 61-0367310 | |
| In re: | |
| BORDEN DAIRY COMPANY OF OHIO, LLC, | Chapter 11 |
| Debtor. | Case No. 20-10020 (__) |
| Tax I.D. No. 34-0752720 | |
| In re: | |
| BORDEN TRANSPORT COMPANY OF OHIO, LLC, | Chapter 11 |
| Debtor. | Case No. 20-10021 (__) |
| Tax I.D. No. 26-2997837 | |

| | |
|---|---|
| In re: | |
| BORDEN DAIRY COMPANY OF SOUTH CAROLINA, LLC, | Chapter 11 |
| Debtor. | Case No. 20-10022 (__) |
| Tax I.D. No. 57-0290963 | |
| In re: | |
| BORDEN DAIRY COMPANY OF TEXAS, LLC, | Chapter 11 |
| Debtor. | Case No. 20-10023 (__) |
| Tax I.D. No. 91-2135060 | |
| In re: | |
| CLAIMS ADJUSTING SERVICES, LLC, | Chapter 11 |
| Debtor. | Case No. 20-10024 (__) |
| Tax I.D. No. 26-4819109 | |
| In re: | |
| GEORGIA SOFT SERVE DELIGHTS, LLC, | Chapter 11 |
| Debtor. | Case No. 20-10025 (__) |
| Tax I.D. No. 26-4819109 | |
| In re: | |
| NDH TRANSPORT, LLC, | Chapter 11 |
| Debtor. | Case No. 20-10026 (__) |
| Tax I.D. No. 26-2997480 | |

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | ) Chapter 11 |
| RGC, LLC, | ) |
|  | ) Case No. 20-10027 (__) |
| Debtor. | ) |
|  | ) **Ref. Docket No. ___** |
| Tax I.D. No. 36-4270314 | ) |
|  | ) |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[1] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") (a) directing the joint administration of the Debtors' Chapter 11 Cases for procedural purposes only, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

5

proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The above-captioned Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered in accordance with the provisions in Bankruptcy Rule 1015 and Local Rule 1015-1.

3. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| BORDEN DAIRY COMPANY, *et al.*,[1] | ) Case No. 20-10010 (__) |
| Debtors. | ) (Jointly Administered) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Borden Dairy Company (1509); Borden Dairy Holdings, LLC (8504); National Dairy, LLC (9109); Borden Dairy Company of Alabama, LLC (5598); Borden Dairy Company of Cincinnati, LLC (1334); Borden Transport Company of Cincinnati, LLC (3462); Borden Dairy Company of Florida, LLC (5168); Borden Dairy Company of Kentucky, LLC (7392); Borden Dairy Company of Louisiana, LLC (4109); Borden Dairy Company of Madisonville, LLC (7310); Borden Dairy Company of Ohio, LLC (2720); Borden Transport Company of Ohio, LLC (7837); Borden Dairy Company of South Carolina, LLC (0963); Borden Dairy Company of Texas, LLC (5060); Claims Adjusting Services, LLC (9109); Georgia Soft Serve Delights, LLC (9109); NDH Transport, LLC (7480); and RGC, LLC (0314). The location of the Debtors' service address is: 8750 North Central Expressway, Suite 400, Dallas, TX 75231.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than Borden Dairy Company to reflect the joint

6

administration of these Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: Borden Dairy Company, Case No. 20-10010 (___); Borden Dairy Holdings, LLC, Case No. 20-10011 (___); National Dairy, LLC, Case No. 20-10012 (___); Borden Dairy Company of Alabama, LLC, Case No. 20-10013 (___); Borden Dairy Company of Cincinnati, LLC, Case No. 20-10014 (___); Borden Transport Company of Cincinnati, LLC, Case No. 20-10015 (___); Borden Dairy Company of Florida, LLC, Case No. 20-10016 (___); Borden Dairy Company of Kentucky, LLC, Case No. 20-10017 (___); Borden Dairy Company of Louisiana, LLC, Case No. 20-10018 (___); Borden Dairy Company of Madisonville, LLC, Case No. 20-10019 (___); Borden Dairy Company of Ohio, LLC, Case No. 20-10020 (___); Borden Transport Company of Ohio, LLC, Case No. 20-10021 (___); Borden Dairy Company of South Carolina, LLC, Case No. 20-10022 (___); Borden Dairy Company of Texas, LLC, Case No. 20-10023 (___); Claims Adjusting Services, LLC, Case No. 20-10024 (___); Georgia Soft Serve Delights, LLC, Case No. 20-10025 (___); NDH Transport, LLC, Case No. 20-10026 (___); and RGC, LLC, Case No. 20-10027 (___). **All further pleadings and other papers shall be filed, and all further docket entries shall be made, in Case No. 20-10010 (___).**

6. The Debtors shall maintain, and the Clerk of this Court shall keep, one consolidated docket, one file, and one consolidated service list for these Chapter 11 Cases.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an Order substantively consolidating their respective cases.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the Local Rules are satisfied by such notice.

9. The terms and conditions of this Order are immediately effective and enforceable

upon its entry.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020  
Wilmington, Delaware

THE HONORABLE [_____]  
UNITED STATES BANKRUPTCY JUDGE