# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BORDEN DAIRY COMPANY, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10010 (CSS)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 15, 69, 84, 120 |

### OBJECTION OF LAGUNA DAIRY, S. DE R.L. DE C.V. (F/K/A LAGUNA DAIRY, S.A. DE C.V.) AND NEW LAGUNA, LLC TO PNC BANK, NATIONAL ASSOCIATION'S MOTION FOR ENTRY OF AN ORDER (I) CONDITIONING THE USE, SALE, OR LEASE OF PREPETITION COLLATERAL ON THE PROVISION OF ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361, 363, 507(b) AND FED. R. BANKR. P. 4001(a) AS OF THE PETITION DATE, AND (II) GRANTING ANCILLARY AND RELATED RELIEF

Laguna Dairy, S. de R.L. de C.V. (f/k/a Laguna Dairy, S.A. de C.V.) ("**Laguna Dairy**")[2] and New Laguna, LLC ("**New Laguna**," and together with Laguna Dairy, "**Laguna**") hereby file this objection (the "**Objection**") to the *Motion of PNC Bank, National Association for Entry of an Order (i) Conditioning the Use, Sale, or Lease of Lenders Prepetition Collateral on the Provision of Adequate Protection Pursuant to 11 U.S.C. §§ 361, 363, 507(b) and Fed. R. Bankr. P. 4001(a) as of the Petition Date, and (ii) Granting Ancillary and Related Relief* [Docket No. 84]

---

[1] The debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are: Borden Dairy Company (1509); Borden Dairy Holdings, LLC (8504); National Dairy, LLC (9109); Borden Dairy Company of Alabama, LLC (5598); Borden Dairy Company of Cincinnati, LLC (1334); Borden Transport Company of Cincinnati, LLC (3462); Borden Dairy Company of Florida, LLC (5168); Borden Dairy Company of Kentucky, LLC (7392); Borden Dairy Company of Louisiana, LLC (4109); Borden Dairy Company of Madisonville, LLC (7310); Borden Dairy Company of Ohio, LLC (2720); Borden Transport Company of Ohio, LLC (7837); Borden Dairy Company of South Carolina, LLC (0963); Borden Dairy Company of Texas, LLC (5060); Claims Adjusting Services, LLC (9109); Georgia Soft Serve Delights, LLC (9109); NDH Transport, LLC (7480); and RGC, LLC (0314). The location of Debtors' service address is: 8750 North Central Expressway, Suite 400, Dallas, TX 75231.

[2] Laguna Dairy, a Mexican company, files this objection in response to the PNC Bank, National Association's ("**PNC**") motion without submitting itself to personal jurisdiction in the U.S. or this Court.

(the "**PNC Adequate Protection Motion**") as it applies to the Reserve Account.[3] In support of the Objection, Laguna respectfully states as follows:

## BACKGROUND

1. On January 5, 2020, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the Court.

2. On January 6, 2020, the Debtors filed their *Motion For Interim And Final Orders (A) Authorizing Use Of Cash Collateral And Granting Adequate Protection, (B) Authorizing Use Of Reserve Account Cash, (C) Scheduling A Final Hearing, And (D) Granting Related Relief* [Docket No. 13] (the "**Cash Collateral Motion**").

3. On January 9, 2020, the Court entered the Interim Cash Collateral Order [Docket No. 69] (the "**Interim Order**").

4. On January 11, 2020, PNC filed the PNC Adequate Protection Motion seeking "(i) replacement security interests in and liens upon all of the Debtors' postpetition assets which, but for the commencement of the chapter 11 cases, would constitute Prepetition Collateral, (ii) liens on all unencumbered assets of the Debtors and their estates as adequate protection for any diminution in the value of the Prepetition Collateral (collectively, (i) and (ii) are the "Adequate Protection Liens"); and (iii) an allowed superpriority administrative expense claim (the "Adequate Protection Superpriority Claim") as provided for in section 507(b) of the Bankruptcy Code." *See* PNC Adequate Protection Motion at ¶ 22 (emphasis added).

5. Also on January 11, 2020, KKR Credit Advisors (US) LLC ("**KKR**") filed a joinder [Docket No. 86] (the "**KKR Joinder**") to the PNC Adequate Protection Motion.

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Laguna Cash Collateral Objection (as hereinafter defined).

6. On January 16, 2020, Laguna filed the *Objection of Laguna Dairy, S. de R.L. de C.V. (f/k/a Laguna Dairy, S.A. de C.V.) and New Laguna, LLC to Debtors' Motion for Interim and Final Orders (A) Authorizing Use of Cash Collateral and Granting Adequate Protection, (B) Authorizing Use of Reserve Account Cash, (C) Scheduling a Final Hearing, and (D) Granting Related Relief)* [Docket No. 120] (the "**Laguna Cash Collateral Objection**"), asking the Court to deny the Cash Collateral Motion to the extent the relief sought therein permits the use, or encumbrance of Reserve Account without providing Laguna with adequate protection. *See* Laguna Cash Collateral Objection.

7. On January 18, 2020, KKR filed the *Preliminary Supplemental Objection and Reservation of Rights of Certain Prepetition Lenders to Debtors' Cash Collateral Motion* [Docket No. 129] (the "**KKR Cash Collateral Supplemental Objection**").

8. On January 18, 2020, PNC filed the *Preliminary Supplemental Omnibus Objection of PNC Bank, National Association to Debtors Cash Collateral Motion and Other First Day Motions* [Docket No. 131] (the "**PNC Cash Collateral Supplemental Objection**" and together with the KKR Cash Collateral Supplemental Objection, the "**Cash Collateral Supplemental Objections**").

9. On January 21, 2020, Laguna filed the *Motion of Laguna Dairy, S. de C.V. and New Laguna, LLC for Leave to File Responses to the Objections of PNC Bank, National Association and KKR* [Docket No. 134] (the "**Motion for Leave**"), and attached thereto as Exhibit A a response to the Cash Collateral Supplemental Objections (the "**Laguna Response**"). The Motion for Leave was granted that same day.

## ARGUMENT

10. In the PNC Adequate Protection Motion, PNC requests "liens on all unencumbered assets of the Debtors and their estates as adequate protection for any diminution in the value of the

3

Prepetition Collateral." *See* PNC Adequate Protection Motion at ¶ 22. PNC does not identify what constitutes unencumbered assets, and specifically, fails to indicate whether these unencumbered assets include the Reserve Account. To the extent, however, that PNC (and, through the KKR Joinder, KKR) seek liens on the Reserve Account, Laguna objects for the reasons set forth in the Laguna Cash Collateral Objection and the Laguna Response, which are incorporated as if set fully herein.

## RESERVATION OF RIGHTS

11. Laguna reserves all rights, including the right to amend and/or supplement this Objection in all respects, to raise additional arguments at the final hearing on the PNC Adequate Protection Motion and KKR Joinder, and to raise additional objections in connection with the final relief requested in the PNC Adequate Protection Motion.

## CONCLUSION

For the foregoing reasons, Laguna respectfully requests that the Court (i) deny the PNC Adequate Protection Motion and KKR Joinder to the extent the relief sought therein permits a lien on the property in the Reserve Account, and (ii) grant such other and further relief as is equitable and just.

Dated: January 22, 2020

Respectfully Submitted,

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Megan E. Kenney*
Russell C. Silberglied (No. 3462)
Megan E. Kenney (No. 6426)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
E-mail: silberglied@rlf.com
        kenney@rlf.com

*Counsel to Laguna Dairy, S. DE R.L. DE C.V. (f/k/a Laguna Dairy, S.A. de C.V.) and New Laguna, LLC*