**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BORDEN DAIRY COMPANY, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10010 (CSS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>**February 24, 2020 at 2:00 p.m. (ET)**<br><br>**Objection Deadline:**<br>**February 17, 2020 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR AN ADMINISTRATIVE ORDER, PURSUANT TO
SECTIONS 105(a) AND 331 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE
2016(a), AND LOCAL RULE 2016-2, ESTABLISHING PROCEDURES FOR
INTERIM COMPENSATION AND REIMBURSEMENT OF PROFESSIONALS**

Borden Dairy Company and its above-captioned affiliated debtors and debtors in
possession (collectively, the "**Debtors**") hereby submit this motion (this "**Motion**") for entry of
an order (the "**Proposed Order**"), substantially in the form annexed hereto as **Exhibit A**,
pursuant to sections 105(a) and 331 of title 11 of the United States Code (the "**Bankruptcy
Code**"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),
and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States
Bankruptcy Court for the District of Delaware (the "**Local Rules**"), establishing procedures for
interim compensation of professional services and reimbursement of professional expenses of

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Borden Dairy Company (1509); Borden Dairy Holdings, LLC (8504); National Dairy, LLC (9109); Borden Dairy Company of Alabama, LLC (5598); Borden Dairy Company of Cincinnati, LLC (1334); Borden Transport Company of Cincinnati, LLC (3462); Borden Dairy Company of Florida, LLC (5168); Borden Dairy Company of Kentucky, LLC (7392); Borden Dairy Company of Louisiana, LLC (4109); Borden Dairy Company of Madisonville, LLC (7310); Borden Dairy Company of Ohio, LLC (2720); Borden Transport Company of Ohio, LLC (7837); Borden Dairy Company of South Carolina, LLC (0963); Borden Dairy Company of Texas, LLC (5060); Claims Adjusting Services, LLC (9109); Georgia Soft Serve Delights, LLC (9109); NDH Transport, LLC (7480); and RGC, LLC (0314).  The location of the Debtors' service address is: 8750 North Central Expressway, Suite 400, Dallas, TX 75231.

professionals in these Chapter 11 Cases (as defined herein).  In support of this Motion, the Debtors respectfully represent as follows:

**Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the District of Delaware (this "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 2016-2.

**Background**

**A.      General Background**

4.      On January 5, 2020 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**") with this Court.  The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On January 15, 2020, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**").

5.      Additional information about the Debtors' business and the events leading to the commencement of the Chapter 11 Cases can be found in the *Declaration of Jason Monaco in*

2

*Support of Chapter 11 Petitions and First Day Motions* [D.I. 15], which is incorporated herein by reference.

**B.    Retention of Professionals**

6.    The Debtors have filed or will file applications to retain, pursuant to section 327 of the Bankruptcy Code, the following bankruptcy professionals (each a "**Professional**" and collectively the "**Professionals**"):[2]  (a) Arnold & Porter Kaye Scholer LLP as their general bankruptcy and restructuring co-counsel; (b) Young Conaway Stargatt & Taylor, LLP as their general bankruptcy and restructuring co-counsel; and (c) Donlin Recano & Company, Inc. ("**Donlin**") as their administrative advisor and claims and noticing agent.[3]  The Debtors may need to retain other professionals in the Chapter 11 Cases under section 327 of the Bankruptcy Code, and the Committee has retained counsel and other professionals under section 1103 of the Bankruptcy Code to assist in the performance of its statutory duties.  Such professionals would likewise be subject to the compensation and reimbursement procedures set forth in this Motion.[4]

**Relief Requested**

7.    By this Motion, the Debtors seek entry of the Proposed Order authorizing and establishing procedures for the compensation and reimbursement of the Professionals on a

---

[2]    In addition to the applications to employ the Professionals enumerated herein, the Debtors intend to file a motion for authority to retain and compensate certain professionals employed by the Debtors in the ordinary course of their business (the "**OCP Motion**").  The procedures set forth herein shall not apply to professionals retained pursuant to such order approving the OCP Motion, unless such professionals' fees and expenses exceed the monthly cap set forth in the OCP Motion.

[3]    Per this Court's order dated January 8, 2020 [D.I. 50], Donlin was retained as the Debtors' claims and noticing agent pursuant to section 156(c) of title 28 of the United States Code and Local Rule 2002-1(f), and the Debtors were authorized to compensate Donlin for claims and noticing services without the need for Donlin to file fee applications or seek Court approval for such compensation.  Accordingly, the procedures set forth herein shall not apply to Donlin in its capacity as claims and noticing agent.  Contemporaneously with this Motion, the Debtors have filed a motion to also retain Donlin as administrative advisor, pursuant to section 327 of the Bankruptcy Code.  If such relief is granted by this Court, the procedures set forth herein shall apply to Donlin in its capacity as administrative advisor.

[4]    The Debtors will also be seeking to retain AP Services, LLC, an affiliate of AlixPartners, LLP, to provide the Debtors with a chief restructuring officer and certain additional personnel; however, that retention is not proposed to be subject to the Compensation Procedures (as defined herein).

25823102.2

monthly basis, comparable to those procedures established in other chapter 11 cases filed in the District of Delaware.  Such an order would enable this Court, the U.S. Trustee, and all other interested parties to monitor the fees and expenses incurred by the Professionals in the Chapter 11 Cases.

## The Proposed Compensation Procedures

8.      The Debtors propose that monthly payment of compensation and reimbursement of expenses of the Professionals (the "**Compensation Procedures**") be structured as follows:

(a)      No earlier than the 5th day of each calendar month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may file an application (including the relevant time entry and description and expense detail) with this Court pursuant to section 331 of the Bankruptcy Code for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "**Monthly Fee Application**"), and serve a copy of such Monthly Fee Application by first class mail on the following parties (collectively, the "**Notice Parties**"): (i) the Debtors, Borden Dairy Company, 8750 North Central Expressway, Suite 400, Dallas, Texas 75231, Attn: Jason Monaco; (ii) proposed counsel to the Debtors, Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, Illinois 60602, Attn: Tyler Nurnberg, Seth Kleinman, and Sarah Gryll; (iii) proposed co-counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: M. Blake Cleary; (iv) counsel to ACON Dairy Investors, L.L.C., Hogan Lovells US LLP, 390 Madison Avenue, New York, New York 10017, Attn: Christopher Donoho III; (v) counsel to New Laguna, LLC, Dechert LLP, Three Bryant Park, 1095 Avenue of the Americas, New York, New York 10036, Attn: Brian Greer; (vi) counsel to the Agent, RCF Facility Lenders, and Term Loan A Facility Lenders, Blank Rome LLP, 1201 N. Market Street, Suite, 800, Wilmington, Delaware 19801, Attn: Regina Stango Kelbon; (vii) counsel to the Term Loan B Facility Lenders, King & Spalding LLP, 1185 Avenue of the Americas, 34th Floor, New York, New York 10036, Attn: Roger Schwartz; (viii) proposed counsel to the Committee, Sidley Austin LLP, 787 7th Avenue, New York, New York 10019, Attn: Michael G. Burke, and Morris James, LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801, Attn: Eric J. Monzo; and (ix) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Timothy Fox, Jr.  Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months.  All Monthly Fee Applications shall comply with the applicable provisions of the Bankruptcy

Code, the Bankruptcy Rules, the Local Rules, and applicable orders of this Court. The first Monthly Fee Application submitted by each Professional shall cover the period from the Petition Date through and including January 31, 2020.

(b)    Each Notice Party will have twenty (20) days after service of a Monthly Fee Application (the "**Objection Deadline**") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. Upon the expiration of the Objection Deadline, each Professional may file with this Court a certificate of no objection (a "**CNO**") with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtors are authorized to pay the applicable Professional an amount (the "**Actual Monthly Payment**") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "**Maximum Monthly Payment**"), or (ii) 80% of the fees and 100% of the expenses not subject to an objection pursuant to subparagraph (c) below.

(c)    If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, file with this Court and serve on such Professional and each other Notice Party a written objection (an "**Objection**") so as to be received on or before the Objection Deadline. Any such Objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within fifteen (15) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with this Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to such Professional (the "**Incremental Amount**"), or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time this Court will consider and rule on the Objection if requested by the parties.

(d)    With respect to the first approximately three-month period after the Petition Date (January 5, 2020 through March 31, 2020), and each subsequent three-month period, each Professional shall file with this Court and serve on the Notice Parties an application (an "**Interim Fee Application**") for interim allowance of compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during each such three-month period (the "**Interim Fee Period**") pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must identify the covered Monthly Fee Applications and include any other information requested by this Court or required by the applicable Local Rules. Interim Fee Applications shall be filed with this Court and served on the Notice Parties within forty-five (45) days after the end of the applicable Interim Fee Period. Each Professional shall file its first Interim Fee Application on or before May 20, 2020, and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including March 31, 2020.

Objections, if any, to the Interim Fee Applications shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the twentieth (20th) day (or the next business day if such day is not a business day) following service of the Interim Fee Application.

(e)     The Debtors shall request that this Court schedule a hearing on Interim Fee Applications at least once every three (3) months or at such other intervals as this Court deems appropriate.  This Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the Professional's filing of a CNO.  Upon allowance by this Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid pursuant to the Monthly Fee Applications covered by such Interim Fee Application.

(f)     The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

(g)     Neither (i) the payment of or the failure to pay, in whole or in part, compensation for services and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or this Court with respect to the allowance of interim or final applications for compensation for services and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by this Court.

(h)     Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due shall be ineligible to receive further monthly or interim payments of fees or expenses with respect to any subsequent period until such time as a Monthly Fee Application or an Interim Fee Application covering the prior period is filed and served by the Professional.  There shall be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

(i)     Professionals shall file final applications for compensation and reimbursement (collectively, the "**Final Fee Applications**") by such deadline as may be established in a confirmed chapter 11 plan or in an order of this Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of this Court.

(j)     Copies of all Monthly Fee Applications, Interim Fee Applications, Final Fee Applications, and notices of any hearings thereon (each a "**Hearing Notice**") must be served upon only the Notice Parties.  All other parties who file a request

for service of notices pursuant to Bankruptcy Rule 2002 shall be entitled to receive only a copy of a Hearing Notice in connection with each Monthly Fee Application, each Interim Fee Application, and each Final Fee Application.

9.      The Compensation Procedures will enable all parties to monitor closely costs of administration of these Chapter 11 Cases.  Moreover, such procedures will permit the Debtors to maintain a more predictable cash flow and an efficient cash management system.

10.      The Debtors also request that each member of the Committee be permitted to submit statements of expenses (excluding third-party legal fees and expenses of individual Committee members) and supporting vouchers to the Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures.  Approval of these Compensation Procedures, however, will not authorize payment of such expenses to the extent that such authorization does not exist under the Bankruptcy Code, applicable Third Circuit law, the Bankruptcy Rules, the Local Rules, or the practices of this Court.

11.      In addition, the Debtors further request that this Court limit service of the Monthly Fee Applications, Interim Fee Applications, Final Fee Applications, and Hearing Notices as follows:   (a) the Notice Parties shall be entitled to receive the Monthly Fee Applications, Interim Fee Applications, Final Fee Applications, and Hearing Notices, and (b) the parties in interest requesting notice pursuant to Bankruptcy Rule 2002 shall be entitled to receive only the Hearing Notices.  Providing notice of fee applications in this manner will permit the parties most active in the Chapter 11 Cases to monitor the fees and expenses incurred by Professionals and will avoid unnecessary duplication and mailing expenses.

12.      The Debtors will include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating reports identifying the amounts paid to each Professional.

## Basis for Relief Requested

13.     Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.  After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

14.     Absent an order of this Court, section 331 of the Bankruptcy Code limits the Professionals rendering services in the Chapter 11 Cases to payment of fees and expenses to only three (3) times per year.

15.     Congress's intent in enacting section 331 is expressed unequivocally in the House and Senate Reports accompanying enactment of the Bankruptcy Code:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments.  The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 41-42 (1978).

16.     Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Thus, this Court has the authority to enter an order establishing procedures for interim compensation and reimbursement of expenses.

17.     The Compensation Procedures would promote efficiency and streamline the compensation process and enable this Court, the U.S. Trustee, and all other parties to monitor effectively the Professionals' fees and expenses incurred in the Chapter 11 Cases.

18.     Moreover, implementing the Compensation Procedures is justified in the Chapter 11 Cases because they present a number of complex issues that, together with the day-to-day administration of the Chapter 11 Cases, must be addressed by the Debtors' limited staff and resources.  In addition, it is anticipated that several Professionals will be involved, such that absent streamlined compensation procedures, the professional fee application and review process could be burdensome on the Debtors, the Professionals, this Court, and other parties.

19.     The Compensation Procedures will (a) substantially reduce the burden imposed on this Court by avoiding the need for the immediate review of Monthly Fee Applications, (b) enable parties in interest to monitor more closely the costs of administering the Chapter 11 Cases, (c) diminish undue financial burdens on the Professionals and avoid having Professionals fund the costs of the Debtors' reorganization, and (d) permit the Debtors to better predict and manage their monthly cash needs.

20.     Accordingly, the relief requested is in the best interests of the Debtors, their estates, and their creditors.

## Notice

21.  Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) proposed counsel to the Committee; (c) counsel to ACON Dairy Investors, L.L.C.; (d) counsel to New Laguna, LLC; (e) counsel to the Agent, RCF Facility Lenders, and Term Loan A Facility Lenders; (f) counsel to the Term Loan B Facility Lenders; and (g) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the

nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order granting the relief requested herein and provide such other relief as this Court deems appropriate under the circumstances.

Dated:  February 3, 2020
      Wilmington, Delaware

Respectfully submitted,

*/s/ Elizabeth S. Justison*

YOUNG CONAWAY STARGATT & TAYLOR, LLP
M. Blake Cleary (No. 3614)
Kenneth J. Enos (No. 4544)
Elizabeth S. Justison (No. 5911)
Betsy L. Feldman (No. 6410)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
mbcleary@ycst.com
kenos@ycst.com
ejustison@ycst.com
bfeldman@ycst.com

-and-

ARNOLD & PORTER KAYE SCHOLER LLP
D. Tyler Nurnberg (admitted *pro hac vice*)
Seth J. Kleinman (admitted *pro hac vice*)
Sarah Gryll (admitted *pro hac vice*)
70 West Madison Street, Suite 4200
Chicago, Illinois 60602-4231
Telephone: (312) 583-2300
Facsimile: (312) 583-2360
tyler.nurnberg@arnoldporter.com
seth.kleinman@arnoldporter.com
sarah.gryll@arnoldporter.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*