## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BORDEN DAIRY COMPANY, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10010 (CSS)<br><br>(Jointly Administered)<br><br>**Local Rule 2016-2 Waiver Requested**<br><br>**Hearing Date:**<br>**February 24, 2020 at 2:00 p.m. (ET)**<br><br>**Objection Deadline:**<br>**February 17, 2020 at 4:00 p.m. (ET)** |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTIONS 105(a), 327, 328, AND 330 OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS, AND (II) WAIVING CERTAIN INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2

Borden Dairy Company and its above-captioned affiliated debtors and debtors in possession (collectively, the "**Debtors**") hereby file this motion (this "**Motion**") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), pursuant to sections 105(a), 327, 328, and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Borden Dairy Company (1509); Borden Dairy Holdings, LLC (8504); National Dairy, LLC (9109); Borden Dairy Company of Alabama, LLC (5598); Borden Dairy Company of Cincinnati, LLC (1334); Borden Transport Company of Cincinnati, LLC (3462); Borden Dairy Company of Florida, LLC (5168); Borden Dairy Company of Kentucky, LLC (7392); Borden Dairy Company of Louisiana, LLC (4109); Borden Dairy Company of Madisonville, LLC (7310); Borden Dairy Company of Ohio, LLC (2720); Borden Transport Company of Ohio, LLC (7837); Borden Dairy Company of South Carolina, LLC (0963); Borden Dairy Company of Texas, LLC (5060); Claims Adjusting Services, LLC (9109); Georgia Soft Serve Delights, LLC (9109); NDH Transport, LLC (7480); and RGC, LLC (0314).  The location of the Debtors' service address is: 8750 North Central Expressway, Suite 400, Dallas, TX 75231.

of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (i) authorizing the Debtors to retain and compensate certain professionals utilized in the ordinary course of the Debtors' business, and (ii) waiving certain information requirements of Local Rule 2016-2, at such time as they would be applicable, in connection therewith.  In support of this Motion, the Debtors respectfully state as follows:

**Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the District of Delaware (this "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief sought herein are sections 105(a), 327, 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2.

**Background**

**A.      General Background**

4.      On January 5, 2020 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**") with this Court.  The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On January 15, 2020, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**").

5.     Additional information about the Debtors' business and the events leading to the commencement of the Chapter 11 Cases can be found in the *Declaration of Jason Monaco in Support of Chapter 11 Petitions and First Day Motions* [D.I. 15], which is incorporated herein by reference.

**B.     Ordinary Course Professionals**

6.     The Debtors employ various attorneys, accountants, and other professionals in the ordinary course of their business (each an "**OCP**" and, collectively, the "**OCPs**") in a variety of matters unrelated to the Chapter 11 Cases.  A nonexclusive list of the Debtors' current OCPs (the "**OCP List**") is attached as Exhibits A-1 and A-2 to the Proposed Order.  The Debtors reserve the right to amend or supplement the OCP List at any time in accordance with the procedures proposed herein (the "**OCP Procedures**").

7.     The OCPs have extensive background knowledge, expertise, and familiarity with the Debtors and their business operations, and the Debtors believe that the continued employment and compensation of the OCPs is in the best interests of the Debtors' estates, their creditors, and other parties in interest.  In light of the substantial number of OCPs, and the significant costs associated with the preparation of employment applications for professionals who will receive relatively modest fees, the Debtors submit that it would be impractical and inefficient for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each OCP.  Likewise, the Debtors believe that the OCP Procedures will relieve the Court, the U.S. Trustee, and other interested

parties in the Chapter 11 Cases of the burden of reviewing fee applications involving relatively modest fees and expenses for OCPs.

8.      In contrast, individual retention applications will be required for any professionals that the Debtors seek to employ in connection with the conduct of the Chapter 11 Cases or in connection with special matters not appropriate for ordinary course treatment (collectively, the "**Chapter 11 Professionals**").  Moreover, the Chapter 11 Professionals will be permitted to be compensated and reimbursed only in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, and any orders entered in the Chapter 11 Cases governing professional compensation and reimbursement for services rendered and expenses incurred.

### Relief Requested

9.      By this Motion, the Debtors request that the Court enter the Proposed Order (a) authorizing the Debtors to (i) retain certain professionals utilized in the ordinary course of the Debtors' business, including, but not limited to, attorneys and accountants, without requiring the submission of separate retention pleadings for each OCP, and (ii) pay the OCPs, without application to the Court, 100% of their postpetition fees and expenses subject to the limitations set forth herein, and (b) waiving certain information requirements of Local Rule 2016-2, at such time as they would be applicable, in connection therewith.  By this Motion, the Debtors are not requesting authority to pay prepetition amounts owed to OCPs.

## The Proposed OCP Procedures

10.     The Debtors request that the Court authorize the following OCP Procedures

for the retention and payment of the OCPs:

(a)     Prior to the receipt of payment for postpetition services rendered to the Debtors and expenses incurred, each OCP on the OCP List that is an attorney shall file and serve a declaration of disinterestedness substantially in the form attached to the Proposed Order as Exhibit B-1 (the "**Attorney OCP Declaration**") and each OCP on the OCP List that is a non-attorney shall file and serve a declaration of disinterestedness substantially in the form attached to the Proposed Order as Exhibit B-2 (the "**Professional OCP Declaration**," together with the Attorney OCP Declaration, a "**Declaration of Disinterestedness**").

(b)     Each OCP shall serve, or cause to be served, at least 14 calendar days prior to submitting an invoice to the Debtors, a copy of the OCP's Declaration of Disinterestedness on: (i) the Debtors, Borden Dairy Company, 8750 North Central Expressway, Suite 400, Dallas, Texas 75231, Attn: Jason Monaco; (ii) proposed counsel to the Debtors, Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, Illinois 60602, Attn: Tyler Nurnberg, Seth Kleinman, and Sarah Gryll; (iii) proposed co-counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: M. Blake Cleary; (iv) counsel to ACON Dairy Investors, L.L.C., Hogan Lovells US LLP, 390 Madison Avenue, New York, New York 10017, Attn: Christopher Donoho III; (v) counsel to New Laguna, LLC, Dechert LLP, Three Bryant Park, 1095 Avenue of the Americas, New York, New York 10036, Attn: Brian Greer; (vi) counsel to the Agent, RCF Facility Lenders, and Term Loan A Facility Lenders, Blank Rome LLP, 1201 N. Market Street, Suite, 800, Wilmington, Delaware 19801, Attn: Regina Stango Kelbon; (vii) counsel to the Term Loan B Facility Lenders, King & Spalding LLP, 1185 Avenue of the Americas, 34th Floor, New York, New York 10036, Attn: Roger Schwartz; (viii) proposed counsel to the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases, Sidley Austin LLP, 787 7th Avenue, New York, New York 10019, Attn: Michael G. Burke, and Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801, Attn: Eric J. Monzo; and (ix) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Timothy Fox, Jr. (collectively, the "**Notice Parties**").

(c)     Any objections to the retention of any OCP by any party in interest in the Chapter 11 Cases must be filed with the Court and at the same time served upon the affected OCP and the Notice Parties within 10 days of

25830584.2

service of the OCP's Declaration of Disinterestedness (the "**OCP Objection Deadline**").  If no objection is received on or before the applicable OCP Objection Deadline with respect to any particular OCP, the Debtors shall be authorized to retain and pay such OCP in the manner provided for in these OCP Procedures.  If an objection is received on or before the applicable OCP Objection Deadline with respect to any particular OCP, a hearing on the matter may be held at the next scheduled hearing date that is no less than 10 days from the date on which the objection is filed and served on the Notice Parties.

(d)     The Debtors are authorized, without formal applications being filed with the Court, to compensate and reimburse the OCPs for one-hundred percent (100%) of their postpetition fees and expenses incurred upon the submission to the Debtors of an invoice setting forth in reasonable detail the nature of the services rendered and the disbursements actually incurred by the particular OCP, without prejudice to the rights of the Debtors and their estates to dispute any such invoice; *provided, however*, that subject to further order of the Court, the Debtors shall not pay any individual OCP listed on Exhibit A-1 to the Proposed Order in excess of $30,000 per month, on average, over the prior rolling three-month period, for post-petition compensation and reimbursement of postpetition expenses and, similarly, shall not pay any individual OCP listed on Exhibit A-2 to the Proposed Order in excess of $75,000 per month, on average, over the prior rolling three-month period, for post-petition compensation and reimbursement of postpetition expenses (the "**OCP Cap**"); *provided further, however*, that the Debtors reserve their right to seek to increase the OCP Cap.

(e)     In the event that an OCP exceeds its applicable OCP Cap, such OCP shall be required to file with the Court a fee application for payment of any fees and expenses (for the applicable period for which the OCP Cap was exceeded) in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court; *provided, however*, that if an OCP does not, in the ordinary course of business, maintain time records in tenth-of-an-hour increments and indicates that to be the case in its Declaration, and no party objects thereto or any such objection is resolved, the requirements of Local Rule 2016-2 shall be waived to permit said OCP to submit time records in whatever time increments such professional ordinarily maintains their time and setting forth, in summary format, a description of the services rendered and the professionals rendering such services on behalf of the Debtors.  No OCP shall be required to submit interim or final fee applications solely because such OCP's fees and expenses exceeded the OCP Cap.

(f)     Within thirty (30) days after the end of, and with respect to, each three-month period after the Petition Date (including any partial month in the first period), the Debtors shall file with the Court and serve on the Notice

Parties a statement with respect to the OCPs paid during such period (the "**Quarterly OCP Statement**").  The Quarterly OCP Statement shall include the following information: (i) the name of each OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported three-month period; (iii) a general description of the services rendered by that OCP; and (iv) whether that OCP does not, in the ordinary course of business, maintain time records in tenth-of-an-hour increments, and if it does not, the time increments that the OCP does maintain in the ordinary course of business.

(g)    The Debtors reserve the right to retain additional OCPs from time to time during the Chapter 11 Cases by (i) including such OCP(s) on an amended or supplemental OCP List that is filed with the Court and served on the Notice Parties and (ii) having such additional OCP comply with the OCP Procedures.

## Basis for Relief Requested

**A.    The Retention of the OCPs and the Proposed Procedures Related Thereto Are Appropriate and in the Best Interests of the Debtors, Their Estates, and Their Creditors**

11.    The Debtors represent that (a) the retention of the OCPs is necessary for the day-to-day operations of the Debtors' business, (b) expenses for the OCPs will be monitored, and (c) the OCPs will not perform substantial services related to the administration of the Chapter 11 Cases without filing an application with the Court for separate retention as a non-ordinary course professional.

12.    Section 327(a) of the Bankruptcy Code requires a debtor to obtain court approval to retain and employ a "professional" to assist the debtor in the conduct of its chapter 11 case.  *See* 11 U.S.C. § 327(a).  According to the prevailing case law in this District, the following factors are used to determine whether an entity is a "professional" within the meaning of section 327(a):

(a)    whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

(b)    whether the entity is involved in negotiating the terms of a plan of reorganization;

(c)    whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

(d)    whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

(e)    the extent of the entity's involvement in the administration of the estate; and

(f)    whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g.*, *In re Am. Tissue, Inc.*, 331 B.R. 169, 173 (Bankr. D. Del. 2005); *In re First Merchants Acceptance Corp.*, 1997 WL 873551, at *2 (D. Del. Dec. 15, 1997) (defining "professionals" within the meaning of section 327 as those whose "occupations . . . play a central role in the administration of the debtor proceeding, and not those occupations which are merely involved in the day-to-day mechanics of the debtor's business . . . [or those who are] given discretion or autonomy in some part of the administration of the debtor's estate"). These factors must be considered in the totality of the circumstances; no factor alone is dispositive. *See In re First Merchants*, 1997 WL 873551, at *3.

13.    Considering all of these factors, the Debtors believe that the OCPs are not "professionals," whose retention must be approved by the Court, within the meaning of section 327(a) of the Bankruptcy Code. In particular, the OCPs will not be involved in the administration of the Debtors' estates, but instead will provide services in connection with the Debtors' ongoing business operations that are ordinarily provided by non-bankruptcy professionals. Nevertheless, out of an abundance of caution, the Debtors seek the relief requested in this Motion to avoid any

subsequent controversy as to the Debtors' employment and payment of the OCPs during the Chapter 11 Cases. The Debtors will seek specific authority from the Court under section 327 of the Bankruptcy Code to retain any professionals involved in the conduct of these Chapter 11 Cases.

14.     The Debtors and their estates will be well served by the continued retention of the OCPs because of their prior relationships with the Debtors and their understanding of the Debtors' operations. Moreover, in light of the substantial number of OCPs and the significant costs associated with the preparation of employment applications for professionals who will receive relatively modest fees, the Debtors submit that it would be impractical and inefficient for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each OCP. The time delay attendant to such a process would also be potentially disruptive to the professional services that are required for the day-to-day operation of the Debtors' business. Therefore, the Debtors submit that the requested relief is in the best interests of all creditors and parties in interest.

15.     Although some of the OCPs may hold unsecured claims against the Debtors in connection with services rendered to the Debtors prepetition, the Debtors do not believe that any of the OCPs represent or hold an interest materially adverse to the Debtors, their creditors, or other parties in interest with respect to the matters for which such OCPs are proposed to be employed. Moreover, the OCP Procedures require each OCP to file a Declaration of Disinterestedness to be eligible for compensation.

**B.      The Requested Limited Waiver of Local Rule 2016-2
         Is Justified Under the Circumstances**

16.     Finally, pursuant to the proposed OCP Procedures, in the event that an OCP exceeds the OCP Cap, such OCP shall be required to file with the Court a fee application for its fees and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, and any applicable orders of the Court. However, it may not be the general practice of the OCPs to keep detailed time records similar to those customarily kept by attorneys and required by Local Rule 2016-2(d). Because such OCPs may not ordinarily maintain such time records—and would not be required to submit time records to the Court unless the OCP Cap is exceeded—requiring such OCPs to comply with Local Rule 2016-2(d) in those instances when a fee application is necessary would in effect require such OCP to start maintaining such records at the outset of these Chapter 11 Cases in the unlikely event the OCP Cap is exceeded at some point during the course of these Chapter 11 Cases. It would be difficult, time-consuming, and expensive for such OCPs to comply with Local Rule 2016-2(d) and, given the relatively modest amounts likely to be at issue, a waste of resources. As such, the Debtors seek a waiver of the information requirements set forth in Local Rule 2016-2(d) for those OCP, *and only those professionals*, that do not, in the ordinary course of business, keep detailed time records in tenths-of-an-hour.

17. Notwithstanding that such OCPs do not keep time records in increments of tenths-of-an-hour, if a fee application is ultimately required, such OCPs shall submit time records setting forth, in a summary format, a description of the services rendered, and the professionals rendering such services on behalf of the Debtors. In addition, the waiver requested hereby shall only apply to those OCP whose Declaration of Disinterestedness states that they do not keep, in the ordinary course of business, detailed time records that would comply with Local Rule 2016-2(d). As such, the Notice Parties will have an opportunity to object to any such requested waiver to the extent they think it is improper.

18. Accordingly, the Debtors respectfully request that the Court grant the relief requested herein.

**<u>Notice</u>**

19.     Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) proposed counsel to the Committee; (c) counsel to ACON Dairy Investors, L.L.C.; (d) counsel to New Laguna, LLC; (e) counsel to the Agent, RCF Facility Lenders, and Term Loan A Facility Lenders; (f) counsel to the Term Loan B Facility Lenders; and (g) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[*Remainder of Page Intentionally Left Blank*]

## Conclusion

WHEREFORE, the Debtors request entry of the Proposed Order, granting the relief requested herein and such other relief as the Court may deem just and proper.

Dated:  February 10, 2020
      Wilmington, Delaware

Respectfully submitted,

*/s/ Betsy L. Feldman*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
M. Blake Cleary (No. 3614)
Kenneth J. Enos (No. 4544)
Elizabeth S. Justison (No. 5911)
Betsy L. Feldman (No. 6410)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
mbcleary@ycst.com
kenos@ycst.com
ejustison@ycst.com
bfeldman@ycst.com

-and-

ARNOLD & PORTER KAYE SCHOLER LLP
D. Tyler Nurnberg (admitted *pro hac vice*)
Seth J. Kleinman (admitted *pro hac vice*)
Sarah Gryll (admitted *pro hac vice*)
70 West Madison Street, Suite 4200
Chicago, Illinois 60602-4231
Telephone: (312) 583-2300
Facsimile: (312) 583-2360
tyler.nurnberg@arnoldporter.com
seth.kleinman@arnoldporter.com
sarah.gryll@arnoldporter.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

25830584.2