# **EXHIBIT A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BORDEN DAIRY COMPANY, *et al.*, | Case No. 20-10010 (CSS) |
| Debtors.[1] | (Jointly Administered) |
| | Ref. Docket No. ___ |

**ORDER, PURSUANT TO SECTIONS 105(a), 327, 328, AND 330 OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS, AND (II) WAIVING CERTAIN INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, (i) authorizing the Debtors to retain and compensate OCPs, and (ii) waiving certain information requirements of Local Rule 2016-2, at such time as they would be applicable, in connection therewith; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and this Court having found that it has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Borden Dairy Company (1509); Borden Dairy Holdings, LLC (8504); National Dairy, LLC (9109); Borden Dairy Company of Alabama, LLC (5598); Borden Dairy Company of Cincinnati, LLC (1334); Borden Transport Company of Cincinnati, LLC (3462); Borden Dairy Company of Florida, LLC (5168); Borden Dairy Company of Kentucky, LLC (7392); Borden Dairy Company of Louisiana, LLC (4109); Borden Dairy Company of Madisonville, LLC (7310); Borden Dairy Company of Ohio, LLC (2720); Borden Transport Company of Ohio, LLC (7837); Borden Dairy Company of South Carolina, LLC (0963); Borden Dairy Company of Texas, LLC (5060); Claims Adjusting Services, LLC (9109); Georgia Soft Serve Delights, LLC (9109); NDH Transport, LLC (7480); and RGC, LLC (0314). The location of the Debtors' service address is: 8750 North Central Expressway, Suite 400, Dallas, TX 75231.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

25830584.2

States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that it may enter a final order consistent with Article III of the Constitution; and this Court having found that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and creditors; and the Court having reviewed the Motion and having heard statements in support of the relief requested therein at a hearing before the Court, if any (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and upon all of the proceedings had before the court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

    1.    The Motion is GRANTED as set forth herein.

    2.    The Debtors are authorized, but not directed, in their discretion, to retain and pay the postpetition fees and actual and necessary expenses of the OCPs identified on the OCP List, attached hereto as Exhibits A-1 and A-2, in the ordinary course of business pursuant to the following procedures (the "**OCP Procedures**"):

        (a)    Prior to the receipt of payment for postpetition services rendered to the Debtors and expenses incurred, each OCP on the OCP List that is an attorney shall file and serve a declaration of disinterestedness substantially in the form attached hereto as Exhibit B-1 (the "**Attorney OCP Declaration**") and each OCP on the OCP List that is a non-attorney shall file and serve a declaration of disinterestedness substantially in the form attached hereto as Exhibit B-2 (the "**Professional OCP Declaration**," together with the Attorney OCP Declaration, a "**Declaration of Disinterestedness**").

25830584.2

2

(b)     Each OCP shall serve, or cause to be served, at least 14 calendar days prior to submitting an invoice to the Debtors, a copy of the OCP's Declaration of Disinterestedness on: (i) the Debtors, Borden Dairy Company, 8750 North Central Expressway, Suite 400, Dallas, Texas 75231, Attn: Jason Monaco; (ii) proposed counsel to the Debtors, Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, Illinois 60602, Attn: Tyler Nurnberg, Seth Kleinman, and Sarah Gryll; (iii) proposed co-counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: M. Blake Cleary; (iv) counsel to ACON Dairy Investors, L.L.C., Hogan Lovells US LLP, 390 Madison Avenue, New York, New York 10017, Attn: Christopher Donoho III; (v) counsel to New Laguna, LLC, Dechert LLP, Three Bryant Park, 1095 Avenue of the Americas, New York, New York 10036, Attn: Brian Greer; (vi) counsel to the Agent, RCF Facility Lenders, and Term Loan A Facility Lenders, Blank Rome LLP, 1201 N. Market Street, Suite, 800, Wilmington, Delaware 19801, Attn: Regina Stango Kelbon; (vii) counsel to the Term Loan B Facility Lenders, King & Spalding LLP, 1185 Avenue of the Americas, 34th Floor, New York, New York 10036, Attn: Roger Schwartz; (viii) proposed counsel to the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases, Sidley Austin LLP, 787 7th Avenue, New York, New York 10019, Attn: Michael G. Burke, and Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801, Attn: Eric J. Monzo; and (ix) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Timothy Fox, Jr. (collectively, the "**Notice Parties**").

(c)     Any objections to the retention of any OCP by any party in interest in the Chapter 11 Cases must be filed with this Court and at the same time served upon the affected OCP and the Notice Parties within 10 days of service of the OCP's Declaration of Disinterestedness (the "**OCP Objection Deadline**").  If no objection is received on or before the applicable OCP Objection Deadline with respect to any particular OCP, the Debtors shall be authorized to retain and pay such OCP in the manner provided for in these OCP Procedures.  If an objection is received on or before the applicable OCP Objection Deadline with respect to any particular OCP, a hearing on the matter may be held at the next scheduled hearing date that is no less than 10 days from the date on which the objection is filed and served on the Notice Parties.

(d)     The Debtors are authorized, without formal applications being filed with this Court, to compensate and reimburse the OCPs for one-hundred percent (100%) of their postpetition fees and expenses incurred upon the submission to the Debtors of an invoice setting forth in reasonable detail the nature of the services rendered and the disbursements actually incurred by the particular OCP, without prejudice to the rights of the Debtors and their

25830584.2

3

estates to dispute any such invoice; *provided, however*, that subject to further order of this Court, the Debtors shall not pay any individual OCP listed on Exhibit A-1 to this Order in excess of $30,000 per month, on average, over the prior rolling three-month period, for post-petition compensation and reimbursement of postpetition expenses and, similarly, shall not pay any individual OCP listed on Exhibit A-2 to this Order in excess of $75,000 per month, on average, over the prior rolling three-month period, for post-petition compensation and reimbursement of postpetition expenses (the "**OCP Cap**"); *provided further, however*, that the Debtors reserve their right to seek to increase the OCP Cap.

(e)     In the event that an OCP exceeds its applicable OCP Cap, such OCP shall be required to file with this Court a fee application for payment of any fees and expenses (for the applicable period for which the OCP Cap was exceeded) in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court; *provided, however*, that if an OCP does not, in the ordinary course of business, maintain time records in tenth-of-an-hour increments and indicates that to be the case in its Declaration, and no party objects thereto or any such objection is resolved, the requirements of Local Rule 2016-2 shall be waived to permit said OCP to submit time records in whatever time increments such professional ordinarily maintains their time and setting forth, in summary format, a description of the services rendered and the professionals rendering such services on behalf of the Debtors.  No OCP shall be required to submit interim or final fee applications solely because such OCP's fees and expenses exceeded the OCP Cap.

(f)     Within thirty (30) days after the end of, and with respect to, each three-month period after the Petition Date (including any partial month in the first period), the Debtors shall file with the Court and serve on the Notice Parties a statement with respect to the OCPs paid during such period (the "**Quarterly OCP Statement**").  The Quarterly OCP Statement shall include the following information: (i) the name of each OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported three-month period; (iii) a general description of the services rendered by that OCP; and (iv) whether that OCP does not, in the ordinary course of business, maintain time records in tenth-of-an-hour increments, and if it does not, the time increments that the OCP does maintain in the ordinary course of business.

(g)     The Debtors' right to retain additional OCPs from time to time during the Chapter 11 Cases by (i) including such OCP(s) on an amended or supplemental OCP List that is filed with this Court and served on the Notice Parties and (ii) having such additional OCP comply with the OCP Procedures, is fully reserved.

25830584.2

4

3. The Debtors are authorized to supplement the OCP List as necessary to add or remove OCPs, from time to time in their sole discretion, without the need for any further hearing and without the need to file individual retention applications for newly added OCP(s). In such event, the Debtors shall file the amended or supplemental OCP List with this Court and serve such list on the Notice Parties. Interested parties shall have fourteen (14) days to object to any amended or supplemental OCP List. Each additional OCP listed in the amended OCP List shall serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures. If no objections are timely filed to any such additional OCP's Declaration of Disinterestedness, then retention of such OCP shall be deemed approved by this Court pursuant to this Order without a hearing or further order.

4. Nothing in the Motion or this Order, or the Debtors' payment of any claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim or Lien against the Debtors or their estates; (b) a waiver of the Debtors' right to dispute any claim or Lien; (c) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (d) an admission of the priority status of any claim, whether under section 503(b)(9) of the Bankruptcy Code or otherwise; or (e) a modification of the Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid.

5. All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

25830584.2

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# EXHIBIT A-1

## OCPs Subject to $30,000 Cap

| Ordinary Course Professional | Mailing Address | Type of Service Provided |
|---|---|---|
| Butler Weihmuller Katz Craig LLP | 400 N. Ashley Drive, Suite 2300<br>Tampa, FL 33602 | Legal Services for Auto Liability Defense |
| Carr Allison | 100 Vestavia Parkway<br>Birmingham, AL 35216 | Legal Services for Employment / Workers Comp / Auto Liability Defense |
| Clark Hill Strasburger | 500 Woodward Ave, Suite 3500<br>Detroit, MI 48226 | Legal Services for Employment Benefits |
| Davis Wright Tremaine | 1919 Pennsylvania Avenue NW, Suite 800<br>Washington, DC 20006 | Regulatory Legal Services |
| Dinsmore & Shohl LLP | 255 E. Fifth Street, Suite 1900<br>Cincinnati, OH 45202 | Legal Services for Workers Comp |
| Hansen Strategies LLC | 4625 San Gabriel Dr.<br>Dallas, TX 75229 | Market Research Services |
| Haynes & Boone, LLP | 2323 Victory Avenue Suite 700<br>Dallas, TX 75219 | Legal Services for Insurance Recovery |
| Hinshaw & Culbertson LLP | 151 North Franklin Street, Suite 2500<br>Chicago, IL 60606 | Legal Services for Auto Liability Defense / Workers Comp |
| Hogan Lovells US LLP | Columbia Square<br>555 Thirteenth Street, NW<br>Washington, DC 20004 | Regulatory Legal Services |
| Hurley, Rogner, Miller, Cox & Waranch, P.A | 1560 Orange Avenue, Suite 500<br>Winter Park, FL 32789 | Legal Services for Workers Comp |

| | | |
|---|---|---|
| Kane Russell Coleman Logan PC | Bank of America Plaza<br>901 Main Street, Suite 5200<br>Dallas, TX 75202 | Legal Services for Auto Liability Defense / Workers Comp |
| Katten Muchin Rosenman LLP | 525 West Monroe Street<br>Chicago, IL 60661 | Corporate Legal Services |
| Keogh, Cox & Wilson, Ltd. | 701 Main Street<br>Baton Rouge, LA 70802 | Legal Services for General Liability / Auto Liability Defense |
| Kramer Rayson LLP | 800 South Gay St., Ste. 2500<br>Knoxville, TN 37929 | Labor & Employment Legal Services |
| Littler Mendelson P.C. | 333 Bush Street, 34th Floor<br>San Francisco, CA 94104 | Labor & Employment Legal Services |
| Locke Lord LLP | 2200 Ross Avenue, Suite 2800<br>Dallas, TX 75201 | Legal Services for Commercial Litigation / Bankruptcy Creditor Representation |
| McAngus Goudelock & Courie LLC | 1320 Main Street<br>Meridian, 10th Floor<br>Columbia, SC 29201 | Legal Services for Workers Comp |
| McConnaughhay, Coonrod, Pope, Weaver & Stern, P.A. | 1709 Hermitage Boulevard, Suite 200<br>Tallahassee, FL 32308 | Legal Services for Workers Comp |
| McDonald Toole Wiggins, P.A. | 111 N. Magnolia Avenue, Suite 1200<br>Orlando, FL 32801 | Legal Services for Auto Liability Defense |
| Moore, Hill & Westmoreland, P.A. | 350 W Cedar St<br>Pensacola, FL 32502 | Legal Services for Auto Liability Defense |
| Munsch Hardt Kopf & Harr PC | 500 N. Akard Street, Suite 3800<br>Dallas, TX 75201 | Real Estate Legal Services |
| Ogletree, Deakins, Nash, Smoak & Stewart PC | First Base Building<br>2142 Boyce Street, Suite 401<br>Columbia, SC 29201 | Labor & Employment Legal Services |
| Payne and Blanchard, L.L.P | 717 N Harwood St #3350<br>Dallas, TX 75201 | Legal Services for Auto Liability Defense |

| Perkins Coie LLP | 700 13th Street, NW Suite 600 Washington, DC 20005 | General Antitrust Legal Advice |
|---|---|---|
| Rathbone Group, LLC | 1100 Superior Avenue, Suite 1850 Cleveland, OH 44114 | Insurance / Subrogation Legal Services |
| Reminger Co., L.P.A. | 101 West Prospect Avenue, Suite 1400 Cleveland, OH 44115 | Legal Services for Auto Liability Defense / Workers Comp |
| The Workers' Compensation | 100 Terra Mango Loop Orlando, FL 32835 | Legal Services for Workers Comp |
| U'Sellis Mayer & Associates | 600 E. Main Street, Suite 100 Louisville, KY 40202 | Legal Services for Workers Comp |
| Vorys, Sater, Seymour and Pease LLP | 200 Public Square, Suite 1400 Cleveland, OH 44114 | Legal Services for Intellectual Property |
| Walter Haverfield | The Tower at Erieview 1301 East Ninth Street, Suite 3500 Cleveland, OH 44114 | Legal Services for Workers Comp |
| Wells, Marble, and Hurst, PLLC. | 300 Concourse Boulevard Suite 200 Ridgeland, MS 39157 | Legal Services for Workers Comp |

## **EXHIBIT A-2**

## **OCPs Subject to $75,000 Cap**

| Ordinary Course Professional | Mailing Address | Type of Service Provided |
|---|---|---|
| RSM US LLP | 5155 Paysphere Circle<br>Chicago, IL 60674 | Financial Statements Auditing Services |
| Ryan Inc. | 13155 Noel Road<br>Suite 100<br>Dallas, TX 75240 | Tax Advisory Services |

# **EXHIBIT B-1**

**Attorney OCP Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BORDEN DAIRY COMPANY, *et al.*, | Case No. 20-10010 (CSS) |
| Debtors.[1] | (Jointly Administered) |

## DECLARATION OF DISINTERESTEDNESS BY
## ATTORNEY USED IN THE ORDINARY COURSE OF BUSINESS

I, _____, declare under penalty of perjury:

1. I am a [position] of [insert name of sole proprietorship or company], located at [Street, City, State, Zip Code] (the "**Firm**").

2. Borden Dairy Company and its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), have requested that the Firm provide legal services to the Debtors, and the Firm has consented to provide such services.

3. The Firm may have performed legal services in the past, may currently perform legal services, and may perform legal services in the future, in matters unrelated to the above-captioned chapter 11 cases for persons that are parties in interest in these chapter 11 cases. The Firm does not perform legal services for any such person in connection with these chapter 11

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Borden Dairy Company (1509); Borden Dairy Holdings, LLC (8504); National Dairy, LLC (9109); Borden Dairy Company of Alabama, LLC (5598); Borden Dairy Company of Cincinnati, LLC (1334); Borden Transport Company of Cincinnati, LLC (3462); Borden Dairy Company of Florida, LLC (5168); Borden Dairy Company of Kentucky, LLC (7392); Borden Dairy Company of Louisiana, LLC (4109); Borden Dairy Company of Madisonville, LLC (7310); Borden Dairy Company of Ohio, LLC (2720); Borden Transport Company of Ohio, LLC (7837); Borden Dairy Company of South Carolina, LLC (0963); Borden Dairy Company of Texas, LLC (5060); Claims Adjusting Services, LLC (9109); Georgia Soft Serve Delights, LLC (9109); NDH Transport, LLC (7480); and RGC, LLC (0314). The location of the Debtors' service address is: 8750 North Central Expressway, Suite 400, Dallas, TX 75231.

25830584.2

cases or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4. The Firm [has/has not] provided services to the Debtors prior to the commencement of these chapter 11 cases.

5. The Firm [does/does not] keep, in the ordinary course of business, time records in one-tenth-of-an-hour increments. [If the Firm does not keep time in one-tenth-of-an-hour increments, explain how time records are kept.]

6. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and other parties in interest in these chapter 11 cases.

7. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

8. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

9. The Debtors owe the Firm $[_____] for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code.

10. As of January 5, 2020, the Firm [was/was not] party to an agreement for indemnification with certain of the Debtors. [A copy of such agreement is attached as Exhibit A to this declaration].

11. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and, upon the conclusion of such inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, _____

_____
[DECLARANT]

# **EXHIBIT B-2**

**Professional OCP Declaration**

25830584.2

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BORDEN DAIRY COMPANY, *et al.*, | Case No. 20-10010 (CSS) |
| Debtors.[1] | (Jointly Administered) |

## DECLARATION OF DISINTERESTEDNESS BY
## NON-ATTORNEY USED IN THE ORDINARY COURSE OF BUSINESS

I, _____, declare under penalty of perjury:

1. I am a [position] of [insert name of sole proprietorship or company], located at [Street, City, State, Zip Code] (the "**Firm**").

2. Borden Dairy Company and its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), have requested that the Firm provide [specific description of services] to the Debtors, and the Firm has consented to provide such services.

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to the above-captioned chapter 11 cases for persons that are parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases or have any

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Borden Dairy Company (1509); Borden Dairy Holdings, LLC (8504); National Dairy, LLC (9109); Borden Dairy Company of Alabama, LLC (5598); Borden Dairy Company of Cincinnati, LLC (1334); Borden Transport Company of Cincinnati, LLC (3462); Borden Dairy Company of Florida, LLC (5168); Borden Dairy Company of Kentucky, LLC (7392); Borden Dairy Company of Louisiana, LLC (4109); Borden Dairy Company of Madisonville, LLC (7310); Borden Dairy Company of Ohio, LLC (2720); Borden Transport Company of Ohio, LLC (7837); Borden Dairy Company of South Carolina, LLC (0963); Borden Dairy Company of Texas, LLC (5060); Claims Adjusting Services, LLC (9109); Georgia Soft Serve Delights, LLC (9109); NDH Transport, LLC (7480); and RGC, LLC (0314). The location of the Debtors' service address is: 8750 North Central Expressway, Suite 400, Dallas, TX 75231.

25830584.2

relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4. The Firm [has/has not] provided services to the Debtors prior to the commencement of these chapter 11 cases.

5. The Firm [does/does not] keep, in the ordinary course of business, time records in one-tenth-of-an-hour increments. [If the Firm does not keep time in one-tenth-of-an-hour increments, explain how time records are kept.]

6. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and other parties in interest in these chapter 11 cases.

7. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

8. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

9. The Firm is either not owed any amounts for prepetition services or the Firm has agreed to waive any amounts owed on account of services rendered and expenses incurred prior to the commencement of the chapter 11 cases in connection with the Firm's employment by the Debtors.

25830584.2

2

10. As of January 5, 2020, the Firm [was/was not] party to an agreement for indemnification with certain of the Debtors. [A copy of such agreement is attached as <u>Exhibit A</u> to this declaration].

11. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and, upon the conclusion of such inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, _____

_____

[DECLARANT]