**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BORDEN DAIRY COMPANY, *et al.*,<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 20-10010 (CSS)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 13, 69 & 205 |

**CERTIFICATION OF COUNSEL REGARDING <u>REVISED</u> PROPOSED FINAL ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING ADEQUATE PROTECTION, (C) AUTHORIZING USE OF RESERVE ACCOUNT CASH, AND (D) GRANTING RELATED RELIEF**

On January 5, 2020, Borden Dairy Company and its above-captioned affiliated debtors and debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Motion for Interim and Final Orders (A) Authorizing Use of Cash Collateral and Granting Adequate Protection, (B) Authorizing Use of Reserve Account Cash, (C) Scheduling a Final Hearing, and (D) Granting Related Relief* [D.I. 13] (the "**Motion**").²

On January 9, 2020, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered an order approving the Motion on an interim basis [D.I. 69] and

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Borden Dairy Company (1509); Borden Dairy Holdings, LLC (8504); National Dairy, LLC (9109); Borden Dairy Company of Alabama, LLC (5598); Borden Dairy Company of Cincinnati, LLC (1334); Borden Transport Company of Cincinnati, LLC (3462); Borden Dairy Company of Florida, LLC (5168); Borden Dairy Company of Kentucky, LLC (7392); Borden Dairy Company of Louisiana, LLC (4109); Borden Dairy Company of Madisonville, LLC (7310); Borden Dairy Company of Ohio, LLC (2720); Borden Transport Company of Ohio, LLC (7837); Borden Dairy Company of South Carolina, LLC (0963); Borden Dairy Company of Texas, LLC (5060); Claims Adjusting Services, LLC (9109); Georgia Soft Serve Delights, LLC (9109); NDH Transport, LLC (7480); and RGC, LLC (0314). The location of the Debtors' service address is: 8750 North Central Expressway, Suite 400, Dallas, TX 75231.

² Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

26109162.2

on January 24, 2020, the Court entered an order approving the Motion on a further interim basis [D.I. 205].

On March 3, 2020, the Court held a hearing (the "**Hearing**") to consider approval of the Motion on a final basis. At the Hearing, the Court heard argument from the Agent and the Committee (each as defined in the Revised Order (as defined below)) over the proposed Carve-Out for the Committee's professionals.  The Court took that matter under advisement and directed the Debtors to submit a proposed exhibit detailing the negotiated carve-out amounts for all estate professionals, including the proposed carve-out for the Committee's professionals that is in dispute (the "**Estate Professional Carve-Out Exhibit**").  A revised form of order (the "**Revised Order**"), which reflects certain non-substantive clean-up changes and includes the Estate Professional Carve-Out Exhibit as an attachment to the Initial Budget, is attached hereto as **Exhibit A**.[3]  For the convenience of the Court and other interested parties, a blackline comparing the proposed order presented at the Hearing to the Revised Order is attached hereto as **Exhibit B**.

With the exception of that one outstanding issue between the Committee and the Lenders regarding the quantum of the Committee's professional fees in the Estate Professional Carve-Out Exhibit, the Lenders and the Committee do not object to entry of the Revised Order.

The Lenders' position is as follows: "Agent and Lenders suggest a carveout for all UCC professionals in the aggregate amount of $340,000 per month from January through May.  This reflects the $1,000,000 amount for the next three months that Agent suggested in Court yesterday, and includes $340,000 per month for each of January and February, totaling $1,700,000 for the entire case.  UCC professionals may allocate the aggregate amount among themselves, and may roll any unused amounts to future or prior weeks. This version is attached as **Exhibit C**."

---

[3] Exhibit 3 to the Revised Order is being filed under seal.

The Committee's position is as follows: "The UCC is supportive of the entry of this Revised Order and believes that the carve-out and professional fees set forth in the Initial Budget and the Estate Professional Carve-out Exhibit submitted by the Debtors, and attached as Exhibit A, for the estate professionals (including the UCC professionals) are reasonable and should be approved as is.  The UCC disagrees with the Lenders further requested reductions to the UCC professional's carve-out set forth in immediately above paragraph."

Accordingly, the Debtors respectfully request that the Court rule on the proposed amount for the Committee's professionals in the Estate Professional Carve-Out Exhibit and enter the Revised Order attached hereto as **Exhibit A**.

*[Remainder of page intentionally left blank]*

Dated: March 4, 2020
      Wilmington, Delaware

Respectfully submitted,

 */s/ Elizabeth S. Justison*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
M. Blake Cleary (No. 3614)
Kenneth J. Enos (No. 4544)
Elizabeth S. Justison (No. 5911)
Betsy L. Feldman (No. 6410)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
mbcleary@ycst.com
kenos@ycst.com
ejustison@ycst.com
bfeldman@ycst.com

-and-

ARNOLD & PORTER KAYE SCHOLER LLP
D. Tyler Nurnberg (admitted *pro hac vice*)
Seth J. Kleinman (admitted *pro hac vice*)
Sarah Gryll (admitted *pro hac vice*)
70 West Madison Street, Suite 4200
Chicago, Illinois 60602-4231
Telephone: (312) 583-2300
Facsimile: (312) 583-2360
tyler.nurnberg@arnoldporter.com
seth.kleinman@arnoldporter.com
sarah.gryll@arnoldporter.com

*Co-Counsel to the Debtors and Debtors in Possession*