IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BORDEN DAIRY COMPANY, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10010 (CSS)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 1006 & 1022 |

**ORDER (I) ESTABLISHING A DEADLINE FOR FILING REQUESTS FOR
ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS,
(II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF,
AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the Debtors requesting entry of an order (this "**Order**"), pursuant to sections 105(a), 503(b), and 507(a)(2) of the Bankruptcy Code, Bankruptcy Rules 2002(a)(7), 3002(a), and 3003(c), and Local Rule 2002-1(e): (a) establishing a deadline for filing of requests for allowance of Administrative Expense Claims that arose during the period from the Petition Date through and including the Administrative Expense Bar Date, (b) designating the form and manner of notice thereof, and (c) granting related relief; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Borden Dairy Company (1509); Borden Dairy Holdings, LLC (8504); National Dairy, LLC (9109); Borden Dairy Company of Alabama, LLC (5598); Borden Dairy Company of Cincinnati, LLC (1334); Borden Transport Company of Cincinnati, LLC (3462); Borden Dairy Company of Florida, LLC (5168); Borden Dairy Company of Kentucky, LLC (7392); Borden Dairy Company of Louisiana, LLC (4109); Borden Dairy Company of Madisonville, LLC (7310); Borden Dairy Company of Ohio, LLC (2720); Borden Transport Company of Ohio, LLC (7837); Borden Dairy Company of South Carolina, LLC (0963); Borden Dairy Company of Texas, LLC (5060); Claims Adjusting Services, LLC (9109); Georgia Soft Serve Delights, LLC (9109); NDH Transport, LLC (7480); and RGC, LLC (0314). The location of the Debtors' service address is: 8750 North Central Expressway, Suite 400, Dallas, TX 75231.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

26857839.2

having found that the venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that the Debtors have provided proper and adequate notice of the Motion and the relief requested therein, and that, except as otherwise ordered herein, no other or further notice is necessary; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Motion is granted as set forth herein.

2. Except as otherwise provided herein, each person or entity, including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units, that holds or wishes to assert an administrative expense claim pursuant to section 503(b) of the Bankruptcy Code, other than a claim arising under section 503(b)(9) of the Bankruptcy Code, against the Debtors' estates, which claim arose during the period from the Petition Date through the date of the entry of this Order (each, an "**Administrative Expense Claim**") must file a request for allowance of such Administrative Expense Claim (a "**Request for Payment**"), substantially in the form attached hereto as **Exhibit 1**, no later than **4:00 p.m. (Eastern Time) on September 4, 2020** (such date, the "**Administrative Expense Bar Date**").

3. A Request for Payment with respect to Administrative Expense Claims that arose between the Petition Date and the date of the entry of this Order shall be deemed timely and properly filed only if it is **actually received** by the Claims Agent no later than the Administrative

26857839.2

Expense Bar Date via first class mail, overnight delivery service, or hand delivery to the following addresses:

| *If by First-Class Mail*: | *If by Hand Delivery or Overnight Courier*: |
|---|---|
| Donlin, Recano & Company, Inc.<br>Re: Borden Dairy Company, *et al.*<br>P.O. Box 199043<br>Blythebourne Station<br>Brooklyn, NY 11219 | Donlin, Recano & Company, Inc.<br>Re: Borden Dairy Company, *et al.*<br>6201 15th Avenue<br>Brooklyn, NY 11219 |

With a copy transmitted to:

>Sarah Gryll
>Arnold & Porter Kaye Scholer LLP
>70 West Madison Street, Suite 4200
>Chicago, Illinois 60602

and to:

>Kenneth J. Enos
>Young Conaway Stargatt & Taylor, LLP
>Rodney Square
>1000 North King Street
>Wilmington, Delaware 19801

4. The Debtors and the Claims Agent shall **not** be required to accept a Request for Payment sent by facsimile, telecopy, or electronic mail transmission.

5. Each Request for Payment must: (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) be written in English; (iii) denominate the asserted claim in lawful currency of the United States as of the Administrative Expense Bar Date; (iv) indicate the particular Debtor against which the claim is asserted; and (v) include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available. Documentation should include both evidence of the nature of the Administrative

Expense Claim asserted as well as evidence of the date on which the Administrative Expense Claim arose.

6. The establishment of the Administrative Expense Bar Date shall not have any effect on any prior bar date order, or be deemed to have extended or otherwise affected any other deadlines for filing claims that have been established in these chapter 11 cases by the Court. For the avoidance of doubt, the Administrative Expense Bar Date does not apply to (i) claims arising under section 503(b)(9) of the Bankruptcy Code for the value of goods received by the Debtors in the ordinary course of the Debtors' business within the twenty (20) days prior to the commencement of these chapter 11 cases or (ii) prepetition claims.

7. Notwithstanding anything to the contrary in this Order or the Motion, the following claims shall be excepted from this Order and are **not** required to be filed on or before the Administrative Expense Bar Date:

 (i) any Administrative Expense Claims that have (a) been previously paid or (b) otherwise been satisfied;

 (ii) Administrative Expense Claims previously filed with the Claims Agent or the Court;

 (iii) Administrative Expense Claims for compensation, indemnification, or reimbursement of costs and expenses relating to professional services performed and expenses incurred on and after the Petition Date by the following professionals only: (a) Arnold & Porter Kaye Scholer LLP; (b) Young Conaway Stargatt & Taylor, LLP; (c) KPMG LLP; (d) DRC; (e) PJT Partners LP; (f) RSM US LLP; (g) AP Services, LLC; (h) Sidley Austin LLP; (i) Morris James LLP; (j) Berkeley Research Group, LLC; and (k) any person or entity retained under the *Order, Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code, (I) Authorizing the Debtors to Retain and Compensate Certain Professionals Utilized In the Ordinary Course of Business, and (ii) Waiving Certain Information Requirements of Local Rule 2016-2* [D.I. 373];

 (iv) any claim of a current officer, member, or manager of the Debtors for indemnification, contribution, or reimbursement;

 (v) any claims for fees payable to the Clerk of the Court;

(vi) any fees payable to the U.S. Trustee under 28 U.S.C. § 1930(a)(6) or accrued interest thereon arising under 31 U.S.C. § 3717;

(vii) any claim by a governmental unit for a tax or penalty described in section 503(b)(1)(B) and (C) of the Bankruptcy Code, as provided for in section 503(b)(1)(D) of the Bankruptcy Code;

(viii) any claim that is asserted against a person or entity that is not one of the Debtors; and

(ix) Administrative Expense Claims arising after the date that the Administrative Expense Bar Date Order is entered.

8. Within three (3) business days after entry of this Order (the "**Service Date**"), the Debtors, directly or through the Claims Agent, shall serve the Request for Payment form, substantially in the form attached hereto as **Exhibit 1**, and the Administrative Expense Bar Date Notice, substantially in the form attached hereto as **Exhibit 2**, which forms are hereby approved, by first-class mail, postage prepaid, on the following parties:

(i) the U.S. Trustee;

(ii) all persons or entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002;

(iii) all persons or entities that have filed claims against the Debtors;

(iv) all known persons or entities that have entered into a transaction with the Debtors on or after the Petition Date, or that are known to hold, or that the Debtors believe may assert that they hold, a right to payment under section 503(b) of the Bankruptcy Code against the Debtors;

(v) all parties to executory contracts and unexpired leases of the Debtors;

(vi) all persons or entities employed by the Debtors on or after the Petition Date;

(vii) the attorneys of record to all parties with litigation pending against the Debtors;

(viii) the Internal Revenue Service, the United States Attorney's Office for the District of Delaware, all taxing authorities for the jurisdictions in which the Debtors conducted business, and all other applicable governmental units; and

26857839.2

5

  (ix) except for employees terminated before the Petition Date and all former (as of the Petition Date) officers and directors of the Debtors, all other parties in the Debtors' creditor matrix not included above.

9. If the Debtors determine after the Service Date that additional parties should receive the Administrative Expense Bar Date Notice, then the date by which a Request for Payment must be filed by such party or parties shall be the later of (i) the Administrative Expense Bar Date and (ii) thirty (30) days from the mailing date of the Administrative Expense Bar Date Notice to such additional parties.

10. The Debtors will also cause the Administrative Expense Bar Date Notice and the Request for Payment form to be posted by the Service Date on the website established by the Claims Agent for these chapter 11 cases at: https://www.donlinrecano.com/Clients/bdc/Index.

11. Any person or entity purportedly holding an Administrative Expense Claim against the Debtors that is required to file a Request for Payment but fails to do so properly or timely in accordance with this Order, shall not, absent further order of the Court, participate in any distribution in these chapter 11 cases on account of such purported Administrative Expense Claim.

12. Entry of this Order is without prejudice to the Debtors' right to seek any other or further orders of the Court fixing a date by which holders of claims not subject to the Administrative Expense Bar Date must file or assert such claims against the Debtors.

13. Nothing in this Order shall prejudice the right of any party in interest, including the Debtors, to dispute, or to assert offsets, counterclaims, or defenses against, any Administrative Expense Claim, and nothing contained in this Order shall preclude any party in interest, including the Debtors, from objecting to any claim on any grounds.

14. The Debtors and the Claims Agent are authorized and empowered to take any and all actions necessary to implement the terms of this Order.

26857839.2

15. The Court shall retain jurisdiction and power over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: August 5th, 2020
Wilmington, Delaware

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

26857839.2