**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BDC, Inc., *et al.*,[1]<br><br>　　　　　　Debtors. | Chapter 11<br>Bankr. Case No. 20-10010-CSS<br>(Jointly Administered)<br><br>RE: D.I. 1017 |

**DETOUR STUDIOS, INC.'S OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO (I) REJECT CERTAIN UNEXPIRED LEASES, EFFECTIVE AS OF THE APPLICABLE REJECTION DATE, AND (II) ABANDON ANY REMAINING PROPERTY LOCATED AT THE LEASED PREMISES**

Detour Studios, Inc. ("Detour") submits this objection and reservation of rights as to Debtors' Motion for Entry of an Order Authorizing the Debtors to (I) Reject Certain Unexpired Leases, Effective as of the Applicable Rejection Date, and (II) Abandon Any Remaining Property Located at the Leased Premises (D.I. 1017, the "Rejection Motion").

**FACTUAL BACKGROUND**

Velda Farms, LLC (later known as Borden Dairy Company of Florida, LLC and n/k/a/ BDC Florida, LLC, "BDC Florida"), as landlord, and Triple-E Holdings, LLC ("Triple-E"), as tenant, entered into that certain Ground Lease Agreement dated October 15, 2008 (the "Ground Lease") of certain property in Winter Haven, Florida (the "Premises"). (A true and correct copy of the Ground Lease is attached hereto as Exhibit "1".) In turn, Triple-E, as landlord, and BDC Florida (f/k/a/ Velda Farms, LLC), as tenant, entered into that certain Commercial Lease

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BDC Inc. (1509); BDC Holdings, LLC (8504); ND, LLC (9109); BDC of Alabama, LLC (5598); BDC of Cincinnati, LLC (1334); BTC of Cincinnati, LLC (3462); BDC of Florida, LLC (5168); BDC of Kentucky, LLC (7392); BDC of Louisiana, LLC (4109); BDC of Madisonville, LLC (7310); BDC of Ohio, LLC (2720); BTC of Ohio, LLC (7837); BDC of South Carolina, LLC (0963); BDC of Texas, LLC (5060); CAS, LLC (9109); GSSD, LLC (9109); NDHT, LLC (7480); and BDC of Madisonville Sub, LLC (0314). The location of the Debtors' service address is: 2807 Allen Street, Box 833, Dallas, TX 75204-4062.

Agreement dated October 15, 2008 (the "Commercial Lease") of the Premises. A true and correct copy of the Commercial Lease is attached hereto as Exhibit "2".

Pursuant to that certain Assignment of Leasehold Interest under Ground Lease dated May, 20, 2013 from Triple-E to Detour (the "Ground Lease Assignment"), Triple-E assigned all of its right, title and interest under the Ground Lease to Detour. (A true and correct copy of the Ground Lease Assignment is included in Exhibit "3" hereto.) Likewise, pursuant to that certain Assignment of Interest in Commercial lease dated May 20, 2013 from Triple-E to Detour (the "Commercial Lease Assignment"), Triple-E assigned all of its right, title and interest under the Commercial Lease to Detour. (A true and correct copy of the Commercial Lease Assignment is included in Exhibit "3" hereto.)

The term of the Ground Lease is 99 years and expires on October 15, 2107. Ground Lease, § 2.01. The rent under the Ground Lease is $1.00 per year. Ground Lease, § 3.01.

The base term of the Commercial Lease is 20 years with five (5) year renewal options. Commercial Lease, §§ 2.01, 2.02. The original base rent under the Commercial Lease was $14.00 per usable square foot, or $17,500 per month. Commercial Lease, § 4.01. The base rent is indexed, however, and at present is $18,853.33. The Commercial Lease also requires BDC Florida to pay real estate taxes, insurance, and other charges. Commercial Lease Art. 6.

The above-captioned debtors (the "Debtors") filed their petitions under chapter 11 on January 6, 2020 (the "Petition Date"). Pursuant to 11 U.S.C. § 365(d)(4), any unexpired non-residential leases under which Debtors were lessees would be automatically deemed rejected as of May 5, 2020 (the "365(d)(4) Deadline"). By order dated April 17, 2020 (D.I. 528), the 365(d)(4) Deadline was extended to August 3, 2020.

On May 5, 2020, the Debtors filed their sale motion (the "Sale Motion", D.I. 564). By order dated June 26, 2020 (D.I. 918, the "Sale Order"), this Court authorized Debtors to sell substantially all of their assets to New Dairy OpCo, LLC (the "Buyer"). According to the Rejection Motion, the sale closed on July 20, 2020 (the "Closing Date"). Because the final version of the asset purchase agreement was not filed with the Court, Detour is not aware of precisely what assets were included in the sale.

On information and belief, the Premises were among the assets sold to the Buyer and the Ground Lease was assumed and assigned to the Buyer. However, the Commercial Lease was not assumed or assigned to the Buyer and in the Rejection Motion, Debtors seek to reject the Commercial Lease effective as of August 3, 2020 (which happens to be the 365(d)(4) Deadline). The Debtors also seek to abandon any of their property on the Premises but do not identify what property is being abandoned. Detour cannot identify that property because the Buyer currently occupies the Premises and it may be that the Debtors' property now belongs to Buyer.

## OBJECTION AND RESERVATION OF RIGHTS

### A.     The Motion Should be Denied as it Seeks a Comfort Order

The Commercial Lease was rejected as of August 3, 2020 as a matter of law. Hence, the Motion seeks relief that is at this point moot. To the extent the Motion seeks additional relief not provided for in the Code as to the rejection of the Commercial Lease, such relief is improper.

### B.     Debtors Should be Required to Identify What Property is Being Abandoned

Detour has no way of knowing what property was sold to the Buyer and what property remained with the Debtors. If all of the property on the Premises that belonged to Debtors was in fact sold to Buyer, then nothing is being abandoned, and again, the Rejection Motion does not

seek any relief from this Court as to Detour.  If there is property that is actually being abandoned, Debtors should be required to identify that property.

### C. Detour Reserves all of its Rights

Detour reserves all of its rights with respect to both the Buyer and the Debtors.  In particular, and without limiting the foregoing, Detour reserves the right to assert an administrative claim against the Debtors for, *inter alia*, post-petition unpaid rent and other charges under the Commercial Lease as well as amounts that have accrued but are not due or are unbilled.

DATED:  August 14, 2020

/s/ Christopher D. Loizides
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE  19801
Telephone:    (302) 654-0248
Facsimile:     (302) 654-0728
E-mail:          loizides@loizides.com