## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BDC Inc., *et al.*,<br><br>                      Debtors.[1] | Chapter 11<br><br>Case No. 20-10010 (CSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 1321** |

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER APPROVING AND CONFIRMING THE SECOND AMENDED COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN OF LIQUIDATION OF BORDEN DAIRY COMPANY AND ITS AFFILIATED DEBTORS

Upon consideration of (i) the *Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of Borden Dairy Company and Its Affiliated Debtors* [D.I. 1321] (as amended, modified or supplemented, the "***Combined Disclosure Statement and Plan***"),[2] which is attached hereto as **Exhibit A**, and (ii) the *Debtors' Motion for Entry of an Order (I) Approving the Combined Disclosure Statement and Plan on an Interim Basis for Solicitation Purposes Only; (II) Establishing Solicitation and Tabulation Procedures; (III) Approving the Form of Ballots and Solicitation Materials; (IV) Establishing the Voting Record Date; (V) Fixing the Date, Time, and Place for the Combined Hearing and the Deadline for Filing Objections Thereto; and (VI) Granting Related Relief* [D.I. 1031] (the "***Solicitation Procedures Motion***") filed by the debtors and debtors in possession in the above-captioned cases (collectively, the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BDC Inc. (1509); BDC Holdings, LLC (8504); ND, LLC (9109); BDC of Alabama, LLC (5598); BDC of Cincinnati, LLC (1334); BTC of Cincinnati, LLC (3462); BDC of Florida, LLC (5168); BDC of Kentucky, LLC (7392); BDC of Louisiana, LLC (4109); BDC of Madisonville, LLC (7310); BDC of Ohio, LLC (2720); BTC of Ohio, LLC (7837); BDC of South Carolina, LLC (0963); BDC of Texas, LLC (5060); CAS, LLC (9109); GSSD, LLC (9109); NDHT, LLC (7480); and BDC of Madisonville Sub, LLC (0314).  The location of the Debtors' service address is: 2807 Allen Street, Box 833, Dallas, TX 75204-4062.

[2]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

"*Debtors*"); and this Bankruptcy Court, by order dated October 22, 2020 [D.I. 1205] (the

"*Solicitation Procedures Order*"), having conditionally approved the Combined Disclosure

Statement and Plan for solicitation purposes only and authorizing the Debtors to solicit approvals

for the Combined Disclosure Statement and Plan; and the Debtors having filed the documents

comprising the Plan Supplement on November 24, 2020, and continuing thereafter [D.I. 1285,

1319 and 1325]; and the Bankruptcy Court having considered the Debtors' *Memorandum of Law*

*in Support of Confirmation of the Second Amended Combined Disclosure Statement and Joint*

*Chapter 11 Plan of Liquidation of Borden Dairy Company and Its Affiliated Debtors* [D.I. 1317],

the *Declaration of Kent Percy in Support of Confirmation of the Second Amended Combined*

*Disclosure Statement and Joint Chapter 11 Plan of Liquidation of Borden Dairy Company and Its*

*Affiliated Debtors* [D.I. 1316], each as filed with the Bankruptcy Court on December 11, 2020;

and the Bankruptcy Court having considered the record in these Chapter 11 Cases, the creditor

support for the Combined Disclosure Statement and Plan as evidenced on the record and in the

*Declaration of John Burlacu of Donlin, Recano & Company, Inc. Regarding the Solicitation and*

*Tabulation of Votes Cast on First Amended Combined Disclosure Statement and Joint Chapter 11*

*Plan of Liquidation of Borden Dairy Company and Its Affiliated Debtors*] [D.I. 1314], filed with

the Bankruptcy Court on December 10, 2020; and any objections and all reservations of rights

(that have not been withdrawn, waived, or settled) pertaining to final approval and confirmation

of the Combined Disclosure Statement and Plan, having been overruled on the merits; and a

hearing having been held on December 15, 2020, regarding final approval and confirmation of the

Combined Disclosure Statement and Plan (the "*Confirmation Hearing*"); and upon the evidence

adduced and proffered and the arguments of counsel made at the Confirmation Hearing; and this

Bankruptcy Court having reviewed all documents in connection with Confirmation and having

2

heard all parties desiring to be heard; and upon the record compiled in these cases; and after due deliberation and consideration of all of the foregoing; and sufficient cause appearing therefor; this Bankruptcy Court hereby makes the following:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.    The findings and conclusions set forth herein and on the record of the Confirmation Hearing constitute this Bankruptcy Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    This Bankruptcy Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(1) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "***Amended Standing Order***").  Venue of these proceedings and the Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2), and this Bankruptcy Court may enter a final order hereon under Article III of the U.S. Constitution.

C.    On August 6, 2020, the Debtors filed the initial version of the Combined Disclosure Statement and Plan [D.I. 1030].  On October 20, 2020, the Debtors filed an amended version of the Combined Disclosure Statement and Plan [D.I. 1188].  On October 22, 2020, the Debtors filed the solicitation version of the Combined Disclosure Statement and Plan [D.I. 1206]. On October 23, 2020, the Debtors filed a notice [D.I. 1210] of revisions to the solicitation version of the Combined Disclosure Statement and Plan.  The filing of the Combined Disclosure Statement and Plan satisfies Bankruptcy Rule 3016 and Local Rule 3017-2.

D.      As evidenced by affidavits of service filed on October 31, 2020 and November 4, 2020 [D.I. 1226 and 1230, respectively], the Debtors caused the Ballots (as defined in the Solicitation Procedures Motion) to be distributed as required by sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Local Rules, all other applicable provisions of the Bankruptcy Code, the Solicitation Procedures Order, and all other rules, laws and regulations applicable to such solicitation.  The Solicitation Packages (as defined in the Solicitation Procedures Motion) were transmitted in accordance with the Solicitation Procedures Order. Sufficient time was provided for Voting Classes (as defined in the Solicitation Procedures Motion) to accept, reject or object to confirmation of the Combined Disclosure Statement and Plan.  Such transmittal and service was adequate and sufficient under the circumstances and no other or further notice is or shall be required.

E.      As evidenced by such affidavits of service, the Debtors have provided proper, adequate, and sufficient notice of the Combined Disclosure Statement and Plan and the Confirmation Hearing, as required by Bankruptcy Rule 3017(d), to all Holders of Claims and Interests and all other parties in interest, and no other or further notice is or shall be required.

F.      The solicitation of acceptance or rejection of the Combined Disclosure Statement and Plan has been fair, properly conducted, in good faith and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, the Solicitation Procedures Order, and all other rules, laws and regulations applicable to such solicitation.

G.      The Combined Disclosure Statement and Plan complies with all of the applicable provisions of the Bankruptcy Code including, but not limited to: (i) the proper classification of Claims and Interests (sections 1122 and 1123(a)(i) of the Bankruptcy Code); (ii) the specification of Unimpaired Classes (section 1123(d)(2) of the Bankruptcy Code); (iii) the

specification of treatment of Impaired Classes (section 1123(a)(3) of the Bankruptcy Code); (iv) the provision for the equal treatment of each Claim or Interest within a particular class (section 1123(a)(4) of the Bankruptcy Code); (v) the provision for adequate and proper means of implementation (section 1123(a)(5) of the Bankruptcy Code); (vi) the prohibition against the issuance of non-voting equity securities (section 1123(a)(6) of the Bankruptcy Code); (vii) the manner of selection of the Wind-Down Administrator (section 1123(a)(7) of the Bankruptcy Code); and (viii) the inclusion of additional Plan provisions permitted to effectuate and implement the transactions contemplated by the Combined Disclosure Statement and Plan (section 1123(b) of the Bankruptcy Code); and, thus, the Combined Disclosure Statement and Plan satisfies section 1129(a)(1) of the Bankruptcy Code.

H. As required by section 1129(a)(2) of the Bankruptcy Code, the Debtors have complied with the Bankruptcy Code, Bankruptcy Rules, Local Rules, Solicitation Procedures Order, all other rules, laws and regulations applicable to such solicitation, and other orders of this Bankruptcy Court.

I. The Combined Disclosure Statement and Plan has been proposed in good faith and in compliance with applicable provisions of the Bankruptcy Code and not by any means forbidden by law, thus satisfying section 1129(a)(3) of the Bankruptcy Code.

J. Any payments made or promised by the Debtors for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Combined Disclosure Statement and Plan and incident to the Chapter 11 Cases, have been approved by, or are subject to approval of this Bankruptcy Court as reasonable, thus satisfying section 1129(a)(4) of the Bankruptcy Code.

K.      The identity of, and the terms of the proposed compensation to be paid to, the proposed Wind-Down Administrator is consistent with the interests of the Debtors' Creditors and Holders of Claims and Interests and with public policy and thus, the Combined Disclosure Statement and Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

L.      The provisions of section 1129(a)(6) of the Bankruptcy Code are inapplicable to the Chapter 11 Cases.

M.      As evidenced by the Combined Disclosure Statement and Plan and at the Confirmation Hearing, each Holder of a Claim or Interest in each Impaired Class has either accepted the Combined Disclosure Statement and Plan or will receive or retain under the Combined Disclosure Statement and Plan property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtors liquidated under chapter 7 of the Bankruptcy Code on such date.  Thus, the Combined Disclosure Statement and Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

N.      Classes 3 and 4 have voted to accept the Combined Disclosure Statement and Plan.  Classes 1 and 2 are not Impaired under the Combined Disclosure Statement and Plan and are, therefore, deemed to have accepted the Combined Disclosure Statement and Plan under section 1126(f) of the Bankruptcy Code, thus satisfying section 1129(a)(8) of the Bankruptcy Code.  The remaining Classes of Claims and Interests are Impaired by the Combined Disclosure Statement and Plan, are not entitled to receive or retain any property under the Combined Disclosure Statement and Plan, and, therefore, are deemed to have rejected the Combined Disclosure Statement and Plan pursuant to section 1126(g) of the Bankruptcy Code.  As found and determined below, pursuant to section 1129(b)(1) of the Bankruptcy Code, the Combined

Disclosure Statement and Plan may be confirmed notwithstanding the fact that such Classes are Impaired and are deemed to have rejected the Combined Disclosure Statement and Plan.

O.      Except to the extent that the Holder of a particular Claim has agreed to a different treatment of such Claim, the treatment of Claims under the Combined Disclosure Statement and Plan of the type specified in sections 507(a)(1) and 507(a)(3)–507(a)(8) of the Bankruptcy Code, if any, complies with the provisions of section 1129(a)(9) of the Bankruptcy Code.

P.      At least one Impaired Class of Claims has accepted the Combined Disclosure Statement and Plan as to each Debtor, determined without including any acceptances of the Combined Disclosure Statement and Plan by any insider.  Thus, the Combined Disclosure Statement and Plan satisfies section 1129(a)(10) of the Bankruptcy Code.

Q.      The Combined Disclosure Statement and Plan provides for adequate means for its implementation and, thus, satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

R.      All U.S. Trustee Fees payable on or before the Effective Date shall be paid in full in Cash by the Debtors on or before the Effective Date.  All U.S. Trustee Fees payable after the Effective Date shall be paid in full in Cash by the Wind-Down Administrator until the Chapter 11 Cases are converted, dismissed, or closed, whichever occurs first.  Notwithstanding anything to the contrary in the Plan, the U.S. Trustee shall not be required to file a request for allowance of any Administrative Claims.

S.      No Debtor offered "retiree benefits," as that term is used in the Bankruptcy Code, was required to pay a domestic support obligation, or is an individual.  Accordingly, sections 1129(a)(13)–(15) of the Bankruptcy Code are inapplicable.

T.      The Debtors are moneyed, business, or commercial corporations. Accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable.

U.      No other chapter 11 plan has been moved for confirmation.

V.      The primary purpose of the Combined Disclosure Statement and Plan is not the avoidance of taxes or the requirements of Section 5 of the Securities Act of 1933.

W.      Confirmation of the Combined Disclosure Statement and Plan is not likely to be followed by the need for further financial reorganization of the Debtors.

X.      The Debtors have acted in good faith with respect to the formulation, solicitation and confirmation of the Combined Disclosure Statement and Plan pursuant to section 1125(e) of the Bankruptcy Code.

Y.      Holders of Claims and Interests in Classes 5, 6, and 7 are deemed to have rejected the Combined Disclosure Statement and Plan.  Based upon the evidence proffered, adduced, and presented by the Debtors at the Confirmation Hearing, the Combined Disclosure Statement and Plan does not discriminate unfairly and is fair and equitable with respect to the aforementioned Classes, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code. Thus, the Combined Disclosure Statement and Plan may be confirmed notwithstanding the deemed rejection of the Combined Disclosure Statement and Plan by the Holders of Claims and Interests in Classes 5, 6, and 7.

Z.      The other transactions contemplated pursuant to the Combined Disclosure Statement and Plan are essential elements of the Combined Disclosure Statement and Plan, proposed in good faith, critical to the Combined Disclosure Statement and Plan, and in the best interests of the Debtors, their Estates, all Holders of Claims, all Holders of Interests, and all other parties in interest.  All of the documents to be executed and delivered in connection with such

transactions were negotiated and proposed, and will be or have been entered into, in good faith, without collusion, and from arm's-length bargaining positions. All of such documents are, or will be, valid, binding, and enforceable agreements, and are not in conflict with any applicable federal or state law.

AA.    The conditions to the occurrence of the Effective Date in Article XIII of the Combined Disclosure Statement and Plan are reasonably likely to be satisfied or waived in accordance with the Combined Disclosure Statement and Plan.

BB.    With respect to any and all Executory Contracts of the Debtors that have not been assumed or assumed and assigned by the Debtors as of the Effective Date, except as otherwise expressly provided under the Combined Disclosure Statement and Plan, such Executory Contracts are burdensome to the Estates and rejection of such Executory Contracts is in the best interests of the Estates.

CC.    This Bankruptcy Court has jurisdiction under 28 U.S.C. §§ 1334(a) and (b), and the Amended Standing Order, to approve the releases set forth in Article XIV of the Combined Disclosure Statement and Plan, as well as the related injunctions or stays provided for therein. Section 105(a) of the Bankruptcy Code permits approval of such releases and injunctions because, as has been established here, based upon the record in the Chapter 11 Cases and the evidence presented at the Confirmation Hearing, such provisions set forth in Article XIV of the Combined Disclosure Statement and Plan are: (i) given in exchange for the good and valuable consideration provided by the Released Parties; (ii) a good faith settlement and compromise of the claims released by Article XIV of the Combined Disclosure Statement and Plan; (iii) integral to the agreements among the various parties in interest and essential to the formulation and implementation of the Plan, as provided in section 1123 of the Bankruptcy Code; (iv) in the best

interests of the Debtors, their Estates, and all Holders of Claims and Interests; (v) fair, equitable, and reasonable; (vi) given and made after reasonable investigation by the Debtors and due notice and opportunity for hearing; and (vii) a bar to any Entity asserting any claim or Cause of Action released by Article XIV of the Combined Disclosure Statement and Plan.

DD.    The releases in Article XIV of the Combined Disclosure Statement and Plan, including, without limitation, the third-party releases in Section 14.3(c) of the Combined Disclosure Statement and Plan are consensual in nature.  The third-party releases are consensual with respect to the Releasing Parties.  Specifically, the Confirmation Notice (as defined in the Solicitation Procedures Motion) sent to parties in interest on October 27, 2020, and the Ballots sent to all Holders of Impaired Claims in the Voting Classes, in each case, unambiguously stated that the Combined Disclosure Statement and Plan contains the third-party release.  Accordingly, in light of all of the circumstances, the releases satisfy the applicable standards contained in *In re Indianapolis Downs, LLC*, 486 B.R. 286, 303 (Bankr. D. Del. 2013), are fair to the Releasing Parties, and are otherwise appropriate under *In re W.R. Grace & Co.*, 475 B.R. 34, 107 (D. Del. 2012).

EE.    The Debtors, as proponents of the Combined Disclosure Statement and Plan, have met their burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard.  This Bankruptcy Court also finds that the Debtors have satisfied the elements of sections 1129(a) and (b) of the Bankruptcy Code under the clear and convincing standard of proof.

FF.    Section 9.2 of the Combined Disclosure Statement and Plan provides for the substantive consolidation of the Debtors for all purposes related to the Combined Disclosure Statement and Plan, including, without limitation, voting, confirmation, and Distributions

thereunder.  Based on the record of these Chapter 11 Cases, the acceptance of the Combined Disclosure Statement and Plan by the Voting Classes, and in the absence of any objections by parties impacted by the consolidation to such request, this Bankruptcy Court finds that such substantive consolidation of the Debtors and their Estates is justified and appropriate in the Chapter 11 Cases for purposes of the Combined Disclosure Statement and Plan and the Distributions thereunder.  For the avoidance of doubt, nothing contained in this Confirmation Order or the Combined Disclosure Statement and Plan seeks to or shall serve to substantively consolidate the Debtors with any of their non-Debtor affiliated entities.

GG.    As a result of the foregoing, the Combined Disclosure Statement and Plan satisfies all applicable Confirmation requirements.

HH.    This Bankruptcy Court properly may retain jurisdiction over the matters set forth in Article XV of the Combined Disclosure Statement and Plan.

II.    Under the circumstances, it is appropriate that the 14-day stay imposed by Bankruptcy Rules 3020(e) and 6004(h) be waived.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.    The Combined Disclosure Statement and Plan is approved and confirmed on a final basis pursuant to section 1129 of the Bankruptcy Code; *provided*, *however*, that, if there is any conflict between the terms of the Combined Disclosure Statement and Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.  In the event of an inconsistency between the Confirmation Order and the Sale Order, the Sale Order shall control. The terms of the Combined Disclosure Statement and Plan are incorporated by reference into, and are an integral part of, this Confirmation Order.  Any objections to Confirmation of the Combined

Disclosure Statement and Plan, or any reservations of rights thereto, to the extent not withdrawn, waived, or resolved herein, are hereby overruled and denied on the merits.

2.      The Combined Disclosure Statement and Plan is approved on a final basis as containing adequate information within the meaning of section 1125 of the Bankruptcy Code, and any objections to the adequacy of the information contained in the Combined Disclosure Statement and Plan not otherwise consensually resolved are overruled.

3.      Subject to the provisions of the Combined Disclosure Statement and Plan, in accordance with section 1141(a) of the Bankruptcy Code, and notwithstanding any otherwise applicable law, upon the occurrence of the Effective Date, the terms of the Combined Disclosure Statement and Plan and this Confirmation Order shall be binding upon, and inure to the benefit of: (i) the Debtors and the Post-Effective Date Debtors; (ii) any and all Holders of Claims or Interests (irrespective of whether any of such Claims or Interests are Impaired under the Combined Disclosure Statement and Plan or whether the Holders of such Claims or Interests accepted, rejected or are deemed to have accepted or rejected the Combined Disclosure Statement and Plan, or whether such Holders filed a Proof of Claim or Proof of Interest); (iii) any other Person or Entity giving, acquiring or receiving property under the Combined Disclosure Statement and Plan; (iv) any and all non-Debtor parties to any Executory Contract; (v) the Wind-Down Administrator, in its capacity as such; and (vi) the respective Related Parties, if any, of any of the foregoing.  Subject to the terms of the Plan, the Debtors reserve the right to alter, amend, update, or modify the Plan Supplement prior to the Effective Date.

4.      For the avoidance of doubt, the Combined Disclosure Statement and Plan shall not become effective unless and until the conditions set forth in Section 13.1 of the Combined

Disclosure Statement and Plan have been satisfied or waived pursuant to Section 13.3 of the Combined Disclosure Statement and Plan.

5.      The Debtors shall remain debtors-in-possession under the Bankruptcy Code until the Effective Date.  The Debtors and the Wind-Down Administrator are hereby authorized to wind up the Debtors' affairs and may make distributions after the Effective Date in accordance with this Confirmation Order and the Combined Disclosure Statement and Plan.  The terms of the Combined Disclosure Statement and Plan shall govern the classification of Claims and Interests for purposes of the Distributions to be made thereunder.

6.      The appointment of David M. Dunn as the Wind-Down Administrator and the terms of his proposed compensation is hereby approved.  The Wind-Down Administrator shall have such rights, powers, and duties and shall receive such compensation as is provided for in the Combined Disclosure Statement and Plan, this Confirmation Order, and the Plan Supplement.

7.      Except as otherwise expressly provided under the Combined Disclosure Statement and Plan or herein, any and all Executory Contracts that have not been assumed or assumed and assigned by the Debtors as of the Effective Date shall be deemed rejected effective as of the Effective Date.

8.      Any insurance policies of the Debtors in which the Debtors are or were insured parties (including any policies covering directors' or officers' conduct), or any related insurance agreement issued prior to the Petition Date, shall be treated in accordance with Section 12.4 of the Combined Disclosure Statement and Plan.

9.      On the Effective Date of the Combined Disclosure Statement and Plan, the Committee shall be dissolved as provided by Section 16.8 of the Combined Disclosure Statement and Plan and all current and former members thereof shall be released and discharged from all

rights and duties from or related to their role as members of the Committee, subject to the rights set forth therein.

10.     As of the Effective Date, each member of the existing board of directors or managers, as applicable, and other governing bodies of each of the Debtors shall be deemed to have been removed, in each case without any further action required on the part of the Debtors or the Debtors' officers, directors, managers, shareholders, or members, and without further notice to or order of this Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Person or Entity.

11.     To the extent not already effectuated pursuant to the Sale, on the Effective Date and concurrently with the applicable Distributions made pursuant to the Plan, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estates shall be fully released, settled, discharged, and compromised, and all of the right, title, and interest of any Holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Post-Effective Date Debtors and their respective successors and assigns without any further approval or order of the Bankruptcy Court and without any action or Filing being required to be made by the Debtors or the Post-Effective Date Debtors, as applicable.

12.     Unless required to be filed by an earlier date by another order of this Bankruptcy Court, Holders of Administrative Claims arising on or after August 6, 2020, shall File with the Claims Agent and serve on the Wind-Down Administrator requests for payment, in writing, together with supporting documents, substantially complying with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, so as to actually be received on or before the Post-Effective Date Administrative Claims Bar Date.  The notice of the Effective Date (the "*Effective Date Notice*") shall set forth the Post-Effective Date Administrative Claims Bar Date and shall

constitute notice of such Bar Date.  Absent further Bankruptcy Court order, any Administrative Claim arising on or after August 6, 2020 and not Filed by the Post-Effective Date Administrative Claims Bar Date shall be deemed waived and the Holder of such Administrative Claim shall be forever barred, estopped and enjoined from asserting such claims and receiving payment on account thereof.

13. Unless required to be filed by an earlier date by another order of this Bankruptcy Court, all final requests for payment of Professional Fee Claims incurred during the period from the Petition Date through the Effective Date shall be Filed no later than forty-five (45) days after the Effective Date.  All such final requests will be subject to approval by the Bankruptcy Court after notice and a hearing in accordance with the procedures established by the Bankruptcy Code, Bankruptcy Rules, and prior orders of the Bankruptcy Court, including the Interim Compensation Order, and once approved by the Bankruptcy Court, shall be promptly paid from the Professional Fee Reserve up to the full Allowed amount.  Any request for payment of a Professional Fee Claim that is not timely filed as set forth above will be forever barred, and holders of such Professional Fee Claims will not be able to assert such Claims in any manner against the Wind-Down Administrator, the Debtors or the Post-Effective Date Debtors, as applicable, or their Estates, or their respective successors or assigns or their respective property.

14. The substantive consolidation of the Debtors, as set forth in Section 9.2 of the Combined Disclosure Statement and Plan, for purposes of confirming and consummating the Plan, is approved pursuant to sections 105(a), 541, 1123 and 1129 of the Bankruptcy Code.

15. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Combined Disclosure Statement and

Plan.  Pursuant to the applicable provisions of the General Corporate Law of the State of Delaware, other applicable non-bankruptcy law, and section 1142(b) of the Bankruptcy Code, no action of the respective directors and/or managers or Existing Equity Holders of the Debtors shall be required to authorize the Debtors to enter into, execute, deliver, file, adopt, amend, restate, consummate, or effectuate, as the case may be, the Combined Disclosure Statement and Plan and any contract, instrument, or other document to be executed, delivered, adopted, or amended in connection with implementation of the Combined Disclosure Statement and Plan.

16.    Each federal, state, commonwealth, local, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Combined Disclosure Statement and Plan and this Confirmation Order.  To the fullest extent permitted by section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to, in contemplation of, or in connection with the Plan shall not be subject to any stamp tax, document recording tax, conveyance fee, intangibles, or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, sales or use tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or governmental assessment in the United States, and this Confirmation Order hereby directs the appropriate state or local governmental officials or agents to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such tax or governmental assessment.

17.    The Debtors are hereby authorized to execute, deliver, file or record such documents, contracts, instruments, releases, and other agreements, and to take such other actions, as may be necessary or appropriate to effectuate, implement, or further evidence the terms and

conditions of the Combined Disclosure Statement and Plan.  On and after the Effective Date, the Wind-Down Administrator is authorized and empowered to issue, execute, file, and deliver or record such documents, contracts, instruments, releases, and other agreements in the name of and on behalf of the Post-Effective Debtors.

18.    All utilities, including any Entity that received a deposit or other form of adequate assurance of future performance under section 366 of the Bankruptcy Code during the Chapter 11 Cases on account of the *Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief* [D.I. 186], shall remit such funds to the Wind-Down Administrator within thirty (30) days of the Effective Date either by setoff against postpetition indebtedness or by cash refund, as applicable.

19.    Each term and provision of the Combined Disclosure Statement and Plan, as it may have been altered or interpreted by the terms of this Confirmation Order, is: (i) valid and enforceable pursuant to its terms; (ii) integral to the Combined Disclosure Statement and Plan; and (iii) non-severable and mutually dependent.

20.    The amendments and modifications to the solicitation version of the *First Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of Borden Dairy Company and Its Affiliated Debtors* [D.I. 1206] since the filing thereof, including as reflected and incorporated into the Combined Disclosure Statement and Plan, are shown in the redline filed with the Bankruptcy Court on December 11, 2020 [D.I. 1322].  Adequate and sufficient notice of such amendments and modifications (collectively, the "***Subsequent Plan Modifications***") has been given and no other or further notice is or shall be required, and such

Subsequent Plan Modifications are approved in full in accordance with section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019(a).  The Combined Disclosure Statement and Plan, as modified by the Subsequent Plan Modifications, is deemed accepted by all Holders of Claims who have previously accepted the Plan.

21.    This Bankruptcy Court hereby retains jurisdiction of the Chapter 11 Cases and all matters arising under, arising out of, or related to, the Chapter 11 Cases and the Combined Disclosure Statement and Plan (i) as provided for in Article XV of the Combined Disclosure Statement and Plan, (ii) as provided for in this Confirmation Order, and (iii) for the purposes set forth in sections 1127 and 1142 of the Bankruptcy Code.

22.    The release, exculpation, injunction, and indemnification provisions contained in the Combined Disclosure Statement and Plan including, without limitation, those set forth in Article XIV of the Combined Disclosure Statement and Plan, are expressly incorporated into this Confirmation Order as if set forth in full and are hereby authorized and approved and shall be effective and binding on all persons or entities, to the extent provided therein.

23.    The failure to reference or discuss any particular provision of the Combined Disclosure Statement and Plan in this Confirmation Order shall have no effect on the validity, binding effect and enforceability of such provision and such provision shall have the same validity, binding effect and enforceability as every other provision of the Combined Disclosure Statement and Plan.

24.    The provisions of Federal Rule of Civil Procedure 62, as applicable pursuant to Bankruptcy Rule 9014, and Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order.  The period in which an appeal with respect to this Confirmation Order must be filed shall commence immediately upon the entry of this Confirmation Order.

25.     Pursuant to Bankruptcy Rule 2002(f)(7) and 3020(c), the Wind-Down Administrator shall cause the Effective Date Notice to be served, in accordance with Section 13.2 of the Combined Disclosure Statement and Plan, on or before five (5) Business Days after the Effective Date.

26.     This Confirmation Order shall be deemed to be a separate confirmation order with respect to each Debtor and it shall be sufficient for the purposes thereof that the Clerk of this Bankruptcy Court enters this Confirmation Order in the docket of the above-captioned jointly administered Chapter 11 Cases.

27.     The Wind-Down Administrator shall, promptly after the full administration of the Chapter 11 Cases, File with the Bankruptcy Court all documents required by Bankruptcy Rule 3022 and any applicable order of the Bankruptcy Court to close the Chapter 11 Cases; *provided*, that the Wind-Down Administrator may, in his discretion, close certain of the Chapter 11 Cases prior to such time while allowing other Chapter 11 Cases to continue for the purposes of making Distributions on account of Allowed Claims or administering Claims as set forth in the Plan, or for any other reason set forth in the Plan or the wind-down administration agreement.

28.     Subject to the occurrence of the Effective Date, and notwithstanding Bankruptcy Rules 3020(e), 6004(h), and 8001 or otherwise, immediately upon the entry of this Confirmation Order, the terms of the Combined Disclosure Statement and Plan and this Confirmation Order shall be, and hereby are, immediately effective and enforceable.

29.     The Debtors are authorized to consummate the Combined Disclosure Statement and Plan at any time after the entry of the Confirmation Order, subject to satisfaction or waiver of the conditions precedent to the occurrence of the Effective Date as set forth in Article XIII of the Combined Disclosure Statement and Plan.  On the Effective Date, the Plan shall

be deemed to be substantially consummated within the meaning in section 1101 of the Bankruptcy Code and pursuant to section 1127(b) of the Bankruptcy Code.

30.     Nothing in this Confirmation Order or the Combined Disclosure Statement and Plan discharges, releases, precludes, or enjoins any liability to a Governmental Unit on the part of any non-Debtor.   Nothing in this Confirmation Order or the Combined Disclosure Statement and Plan shall affect any valid right of setoff or recoupment of any Governmental Unit, and such rights are expressly preserved.   All rights or defenses of the Debtors, the Post-Effective Date Debtors, or the Wind-Down Administrator, as applicable, to such setoff or recoupment, are also preserved except for any defense based on the failure of the United States to exercise or preserve its setoff and recoupment rights prior to confirmation.

31.     Notwithstanding any provision to the contrary, no provision contained in the Combined Disclosure Statement and Plan, including Articles 14.3 and 14.4, or this Confirmation Order shall be construed as discharging, releasing, or relieving the Debtors or any party, Person or Entity from any liability or responsibility with respect to the Borden Dairy Company of Kentucky, LLC Retirement Plan (the "***Defined Benefit Pension Plan***") under any law, governmental policy, or regulatory provision.   The Pension Benefit Guaranty Corporation ("***PBGC***") and the Defined Benefit Pension Plan shall not be enjoined or precluded from enforcing such liability or responsibility against the Debtors or any party, Person or Entity as a result of any of the provisions of the Plan or this Confirmation Order.   Prior to February 28, 2021, the Post-Effective Date Debtors and the Wind Down Administrator shall preserve records of the Defined Benefit Pension Plan and employment records of Defined Benefit Pension Plan participants until the PBGC has completed its investigation regarding the Defined Benefit Pension Plan and shall make such documents available to PBGC for inspection and copying at the PBGC's sole cost and

expense.  Such records include, but are not limited to, any Defined Benefit Pension Plan governing

documents, actuarial documents, and employment records.  Subject to the foregoing, the Post-

Effective Date Debtors and the Wind Down Administrator shall not destroy or abandon the

Defined Benefit Pension Plan records except upon thirty (30) days prior notice to PBGC.

32.    Notwithstanding anything in the Combined Disclosure Statement and Plan

or this Confirmation Order to the contrary: (i) the Mississippi Department of Revenue's (the

"*MDOR*") setoff rights under section 553 of the Bankruptcy Code and recoupment rights, if any,

are preserved; (ii) the MDOR shall not be required to file any Proofs of Claim or requests for

payment in the Chapter 11 Cases for any Administrative Claims for the liabilities described in

section 503(b)(1)(B) and (C) of the Bankruptcy Code; (iii) the Debtors, the Post-Effective Date

Debtors, or the Wind-Down Administrator, as applicable, shall timely submit returns and remit

payment, including penalties and interest, for all taxes due or coming, as required under applicable

Mississippi state law,  to the extent not inconsistent with the Bankruptcy Code; (iv) to the extent

the MDOR's Allowed Priority Tax Claims, if any, are not paid in full in Cash on the Effective

Date, such Allowed Priority Tax Claims shall, at a minimum, be paid by regular, quarterly

installment payments in Cash over a period not to exceed five years after the date of the order for

relief under section 301 of the Bankruptcy Code, all as required under section 1129(a)(9)(C) of the

Bankruptcy Code, along with non-bankruptcy interest in accordance with sections 511 and

1129(a)(9)(C) of the Bankruptcy Code and Mississippi state law, as applicable; (v) the Chapter 11

Cases shall have no effect on the MDOR's rights as to non-Debtor third parties; and (vi) solely to

the extent permitted by Bankruptcy Rule 7015, the MDOR may timely amend any Proof of Claim

after the Effective Date with respect to (a) a pending audit, (b) an audit that may be performed,

with respect to any prepetition or postpetition tax return, or (c) a filed tax return.

33.     On the Effective Date, the Debtors shall establish and fund a separate reserve account in the amount of $2,149,294.89 (the "***Myrtle Reserve***") on account of the administrative claim, Claim No. 70110, filed by Myrtle Consulting Group LLC ("***Myrtle***").  The Myrtle Reserve shall be held in the client trust account of counsel to the Wind-Down Administrator, and may only be released upon agreement of Myrtle and the Wind-Down Administrator, or further order of the Bankruptcy Court.

34.     Proof of Claim nos. 1925 and 1975 filed by the Retail, Wholesale and Department Store International Union and Industry Pension Fund (the "***RWDSU Claims***") shall be deemed timely filed; *provided*; *however*, nothing shall prevent or limit the ability of the Wind-Down Administrator from objecting to the RWDSU Claims on any other grounds.

35.     In the event that the agreement (the "***ARI Agreement***") by and between the Debtors and Automotive Rentals, Inc. and ARI Fleet LT (collectively "***ARI***") is rejected, all rights of ARI and the Debtors regarding the effective date of the rejection of the ARI Agreement, the return of ARI's vehicles and other equipment that are the subject of the ARI Agreement, and ARI's asserted administrative claims and other claims are hereby reserved.

**Dated: December 15th, 2020**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**